[No. 15725.   Department One.—April 6, 1895.]

# FRED HELMS ET AL., APPELLANTS, v. F. H. DUNNE, JUSTICE OF THE PEACE OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

JUSTICE'S COURT OF SAN FRANCISCO—SUMMONS—SIGNATURE.—A summons issued from the justice's court of the city and county of San Francisco is properly issued by the justice's clerk, upon the order of the presiding justice, and it need not be signed by the justice of the peace, as provided by section 844 of the Code of Civil Procedure.

ID.—CONSTRUCTION OF CODE—SPECIAL LEGISLATION.—Chapter V, article I, of title I of the Code of Civil Procedure is not special legislation, and section 91 of that code contains a modification of the rule declared in section 844 regarding the proper party to sign a summons in the justice's court of the city and county of San Francisco.

ID.—DESIGNATION OF JUSTICE'S CLERK—TECHNICAL VARIANCE.—Although the proper designation of the officer authorized to sign and issue summons, under section 95 of the Code of Civil Procedure, is "justice's clerk," yet a technical variance in a signature to a summons by that clerk by the designation of himself as "clerk of the said court," viz., the justice's court, is a variance so slight and unimportant as to involve no question of jurisdiction.

ID.—MISTAKE IN RECITAL OF NAME OF PRESIDING JUSTICE.—Though the summons may upon its face recite that it was issued at the order of the presiding justice, there is no statutory requirement to that effect, and the recital is not conclusive as to the fact, especially where a mistake appears in the recital of the name of the person who was at the time presiding justice; and it may be proved that the order was in fact made by the presiding justice, though he is another person than the one whose name is recited in the summons.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*George M. Hurlburt,* and *L. M. Hoefler,* for Appellants.

*Aylett R. Cotton,* for Respondents.

GAROUTTE, J.—This is an appeal from the judgment of the superior court for the city and county of San Francisco, entered in the above-entitled action dismissing appellants' writ of review issued therein, for the purpose of reviewing the proceedings of the justices' court in

the city and county of San Francisco in a certain action then pending. It is claimed that the court failed to get jurisdiction of the person of the defendant in said action, by reason of a fatally defective summons.

That portion of the summons to which objection is made reads: "Given under my hand this 31st day of May, 1893. By order of Charles A. Low, presiding justice of the peace for the city and county of San Francisco. E. W. Williams, clerk of the said court."

1. It is contended that the summons should be signed by the justice of the peace, as provided by section 844 of the Code of Civil Procedure. We do not think that chapter V, article I, of title I, part I, of the Code of Civil Procedure is in any sense special legislation, and we have no doubt but that the sections of the code found in that article are in full force and effect. Section 91 thereof provides that all process of every kind in actions, suits, or proceedings, "shall be issued by the said 'justice's clerk,' upon the order of the presiding justice." Section 95 provides: "The justice's court and the justices of the peace of every such city and county shall be governed in their proceedings by the provisions of law regulating proceedings before justices of the peace, so far as such provisions were not *altered or modified* in this article." It is sufficient to say that said section 91 contains a modification of the rule declared in section 844 regarding the proper party to sign a summons in justices' courts in the city and county of San Francisco.

2. It is claimed that there is no such office as clerk of the justice's court, and that the summons is improperly signed and invalid for that reason. Section 36 of the Code of Civil Procedure provides that the board of supervisors shall appoint a "justices' clerk," and such, undoubtedly, is the technical name of the office, but we think the variance between the two terms so slight and unimportant as to effect no question of jurisdiction. The better practice would be for the officer to sign all process as "justice's clerk."

3. It appears that at the time the summons was issued Charles A. Low was not presiding justice of the peace for the city and county of San Francisco, but J. E. Barry was such presiding justice. At the hearing of this proceeding in the trial court a written order for issuance of the summons under the hand of said Barry, as such presiding justice, was offered in evidence, and upon any question of jurisdiction we think the law fully satisfied. While the summons may upon its face recite that it was issued at the order of the presiding justice, we find no statutory requirement to that effect, and hence such recital is not conclusive as to the fact. Especially is this true of that portion of the recital which states the name of the presiding justice, and a mistake as to the recital of the name of the particular person who was at the time presiding justice presents in no way any jurisdictional question. Only those recitals in the summons which the law requires to be recited there are evidence of their truth. As to the recitals of matters of mere surplusage, they prove nothing. In the present case the order was made by the presiding justice, and that was the material and controlling fact.

The judgment is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.