[Civ. No. 1218.   Second Appellate District.—November 22, 1912.]

T. E. NELLIS, Petitioner, Appellant, v. THE JUSTICES'
COURT OF LOS ANGELES TOWNSHIP, LOS AN-
GELES COUNTY ETC., and SIDNEY N. REEVE;
Justice Thereof, Respondents.

JUSTICES' COURT OF LOS ANGELES TOWNSHIP—PROCESS—MODE OF IS-
    SUANCE—GENERAL ORDER AN ILLEGAL SUBSTITUTE.—Where the jus-
    tices' court of Los Angeles township was created under sections 99
    to 102b of the Code of Civil Procedure, and it is provided in section
    102 of said code, that "all legal processes of every kind in actions
    or proceedings in said justices' court shall be issued by the said
    justices' clerk, upon the order of the presiding justice," it is held
    that such provision of the statute cannot be annulled by the making
    of a general order as a substitute therefor by the presiding justice,
    directing the clerk to sign all legal process that was necessary to be
    signed, in and about the business of said justices' court.

ID.—IMPROPER SUMMONS—FAILURE OF JURISDICTION OF PERSON.—A
    summons issued from said court was improper and failed to give
    the court jurisdiction of the person of the defendant where it
    not only failed to comply with section 102 of the Code of Civil
    Procedure, in not being issued upon the order of the presiding jus-
    tice, but also failed to comply with section 100 thereof, in that it
    was not returnable, nor the defendant summoned to appear be-
    fore either the presiding justice, or before any other justice of

the peace designated by him, and summoned him to appear generally before the justices' court of Los Angeles township.

ID.—CODE REQUIREMENTS MANDATORY.—Where the legislature, as here, creates a justice's court with four justices, one of whom is a presiding justice, and by express provisions of law provides that the summons in actions therein shall be issued by the clerk only upon order of the presiding justice, and that such process shall designate the justice before whom the defendant named therein shall be required to appear, a substantial compliance with such provisions must be deemed mandatory.

ID.—NONCOMPLIANCE WITH MANDATORY LAW AS TO SUMMONS—JUDGMENT BY DEFAULT NOT SUPPORTED.—In the absence of a compliance with the mandatory provisions of law as to summons, the court is without jurisdiction to render a judgment by default.

ID.—CONDITIONS OF AUTHORITY OF CLERK TO ISSUE SUMMONS.—The clerk of the justices' court of Los Angeles township is without authority to issue summons in an action therein, unless, after the commencement thereof, the presiding justice makes an order in writing directing him so to do, and furthermore, the name of the justice in whose department the process is returnable and before whom the defendant is required to appear should be designated in the summons.

APPEAL from a judgment of the Superior Court of Los Angeles County refusing a writ of review.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Edward Judson Brown, for Appellant.

Robert C. Fairall, for Respondents.

SHAW, J.—Petitioner obtained a writ of review from the superior court the purpose of which was to annul the action of the justices' court of Los Angeles township (created by act of the legislature in adding to the Code of Civil Procedure six new sections numbered 99 to 102b, inclusive, approved March 23, 1911, Stats. 1911, p. 442), in rendering judgment by default against him in a certain action brought in said justices' court, wherein the Pico Heights Lumber Company was plaintiff and petitioner defendant.   Upon the return to the writ and after a hearing thereon, the court denied the relief prayed for and rendered judgment in favor of

respondents herein.    From this judgment petitioner has appealed.

Appellant contends that the summons issued and served upon him as defendant in said action was insufficient to give the court jurisdiction.    The summons is silent with reference to anything showing that the same was issued upon an order of the presiding justice, as required by section 102 of the Code of Civil Procedure, which provides that "all legal processes of every kind in actions or proceedings in said justices' court shall be issued by the said justices' clerk upon the order of the presiding justice."    While the record of the justices' court contains nothing showing that the presiding justice at any time made an order directing the clerk to issue the process, an affidavit was presented at the hearing wherein it is stated that some ten months prior to the commencement of the action the presiding justice ordered the clerk to sign all legal process that was necessary to be issued in and about the business of said justices' court.    Respondents contend that this affidavit shows that such order was duly made.    We cannot assent to this proposition.    Section 1003 of the Code of Civil Procedure defines an order as being "every direction of a court or judge, made or entered in writing," other than a judgment.    It is not shown that the alleged order was in writing, nor that any record thereof was made.    Moreover, an order in a legal sense means a decision given in an action pending, and during the progress thereof.    Had the legislature intended that the clerk should of his own motion issue all process it would have so stated.    Since it has provided that he can only issue it upon the order of the presiding justice, the statute cannot be annulled by the making of a general order as a substitute therefor.

Appellant further contends that the summons so issued was insufficient to give the court jurisdiction of defendant, for the reason that it wholly fails to comply with section 100 of the Code of Civil Procedure, which provides that "the original process in all actions or proceedings begun in said justices' court shall be returnable, and the parties summoned required to appear before the presiding justice, or before one of the other justices of the peace to be designated by the presiding justice."    Reference to the summons shows that defendant was commanded to appear in the *justices' court* of Los An-

geles township, "and to answer before the said *justices' court* in Los Angeles city, in said township." It is clear from a reading of section 100 that the legislature intended that the parties summoned in said justices' court should by the summons be required to appear either before the presiding justice or before one of the other justices of the peace designated and named therein. The summons issued to defendant should inform him of such fact. There is no statutory authority for requiring the defendant to appear in the justices' court of Los Angeles township. The summons is the process whereby parties defendant are brought into court so as to give the court jurisdiction of their persons. Where the legislature, as here, creates a justices' court with four justices, one of whom is presiding justice, and by express provisions of law provides that the summons in actions therein shall be issued by the clerk only upon order of the presiding justice, and that such process shall designate the justice before whom the defendant named therein shall be required to appear, a substantial compliance with such provisions must be deemed mandatory. (*Lyman* v. *Milton,* 44 Cal. 630; *Ames* v. *Sankey,* 128 Ill. 526, [21 N. E. 579].) In the absence of a compliance therewith the court is without jurisdiction to render a judgment by default. In the case at bar no attempt was made to follow the statutory provisions. In *Helms* v. *Dunne,* 107 Cal. 117, [40 Pac. 100], involving a proceeding in the justices' court of the city and county of San Francisco, the summons issued purported to be pursuant to an order made by Charles A. Low as presiding justice, when in fact Low was not presiding justice. It being made to appear in the trial court, however, that a written order had been duly signed by J. E. Barry, who was presiding justice, directing the issuance of the summons, it was held sufficient, the recital therein of Low's official character being deemed surplusage. In our opinion, the clerk of the justices' court of Los Angeles township is without authority to issue summons in an action therein unless, after the commencement thereof, the presiding justice of such court makes an order in writing directing him so to do, and, furthermore, the name of the justice in whose department the process is returnable and before whom the defendant is required to appear should be designated in the summons.

For the reasons given the judgment herein is reversed and the court directed to render judgment in favor of petitioner annulling the judgment of the justices' court.

Allen, P. J., and James, J., concurred.