[Civ. No. 3996. Third Appellate District.—September 13, 1930.]

JOHN GRAY, Appellant, v. ERNEST GIESEKE et al., Defendants; WILLIAM H. RIECKS, Respondent.

John Gray, *in pro. per.,* for Appellant.

Gumpert & Mazzera for Respondent.

MR. JUSTICE THOMPSON Delivered the Opinion of the Court.—This is an appeal from a judgment against the plaintiff in a suit for conversion of an equitable interest in 500 swarms of bees.

The defendant Craig was the owner of 500 swarms of bees and certain equipment which was used to extract the honey produced thereby. May 15, 1928, Craig and the plaintiff executed a conditional contract of sale and lease of said property by the terms of which the plaintiff took possession and care of said bees and equipment upon an agreement to purchase the property for a consideration of $4,000, to be liquidated within a reasonable time by paying to the vendor one-half of the proceeds from the sale of the honey and wax produced. Pursuant to this contract the plaintiff took possession of the bees and equipment and removed them to San Joaquin County and proceeded to care for them. August 18, 1928, the defendant Craig obtained a judgment for $299 against the plaintiff in a justice's court of Kern County, which remained unsatisfied. August 20, 1928, the defendant Craig procured a purported execution from said justice's court and placed it in the hands of

the defendant. Riecks, as sheriff of San Joaquin County, for service. The sheriff promptly levied upon the plaintiff's equity in the bees and equipment and sold the same to satisfy the judgment. This action for conversion was then commenced. The respondent relies upon the authority of the sale of the property under execution as a defense.

When the execution was offered in evidence at the trial, it was objected to by the plaintiff on the ground that it was not issued by the justice as required by section 902 of the Code of Civil Procedure, as it then existed, and was not certified to by the county clerk, as required by section 905 of the same code, so as to entitle it to be served in a county other than the one in which the judgment was procured, and that the execution was therefore void. The objection was overruled and the execution was received in evidence. The defense of the respondent depends upon the validity of this execution. The court found that the execution was procured by the defendant Craig and placed in the hands of the sheriff, Riecks, who levied upon the bees and equipment and sold the same to satisfy the judgment of the justice's court and thereupon rendered judgment in favor of the defendants.

■ It appears upon the face of the execution that it was not signed by the justice of the peace. It was merely subscribed as follows:

"Given under my hand this 20th day of August, A. D. 1928.

"T. A. BAKER,
"Justice of the Peace of said Township,
"By ROSE GOLDSTEIN,
"Clerk."

Section 902 of the Code of Civil Procedure, which applies to executions from justices' courts, provides .that it "must be subscribed by the justice and bear date the day of its delivery to the officer." The mandate of this section is clear and unambiguous. It does not authorize the issuing of an execution from a justice's court by a clerk. The execution in the present case, never having been "subscribed by the justice," was invalid and void upon its face, and, therefore, conferred no authority upon any officer to levy upon the property of the plaintiff or sell it to satisfy the judgment.

██ It is true that Kern County belongs to counties of the twelfth class, in which justices of the peace are entitled to the aid of a clerk. (Sec. 4241, subd. 13, Pol. Code.) It is provided that justices of the peace must perform such duties as are prescribed by title II, part 2, of the Code of Civil Procedure. (Sec. 4185, Pol. Code.) In the case of *Helms* v. *Dunne*, 107 Cal. 117 [40 Pac. 100], upon which the respondent relies, it is held that a summons was valid which was signed only by the clerk of a justice of the peace of the city and county of San Francisco. That decision held that section 844 of the Code of Civil Procedure was modified by section 91 of the same code, which provides that "all legal process . . . in justices' court . . . shall be issued by the said justices' clerk upon the order of the presiding justice . . . " Section 91, *supra*, however, is not applicable to any justices' courts except those of cities and counties. The very heading to the article of the code in which section 91 is found reads: "Justices' Courts in Cities and Counties." No similar provision applies to justices other than those of cities and counties. The Helms case is, therefore, not authority for the present action.

██ The seizing of the property under the execution was unlawful for another reason. It was issued from the justice's court of Kern County and was levied upon property in San Joaquin County. It contained no certificate that the officer "issuing the same was an acting justice of the peace" as required by section 905 of the Code of Civil Procedure. The language of the clerk's certificate was merely that "Rose Goldstein, whose name is subscribed to the annexed instrument, was, at the date of same, and is now, a justice of the peace's clerk in and for said county." The certificate does not name the justice for whom she was presumed to act as clerk. The section of the code last mentioned did not then authorize a certificate to the effect that the execution was issued by a clerk of a justice of the peace. That section then provided that, "Where an execution issued by a justice of the peace is to be served out of the county in which it was issued, the execution shall have attached to it a certificate under seal, by the county clerk of such county to the effect that *the person issuing the same was an acting justice of the peace of said county* at the date of the writ." This section was amended in 1929 [Stats. 1929,

p. 643] by adding to the language above quoted after the words "acting justice of the peace" the following, to wit, "or a clerk of the justice court." This amendment was not, however, in effect at the time this case was tried. Moreover, section 902 of the Code of Civil Procedure has not been amended so as to permit an execution of a justice's court outside of cities and counties to be issued by a clerk.

■ The execution under which the respondent justifies the seizure and sale of the property was invalid and void. The objection to its admission in evidence should have been sustained.

In view of the foregoing construction of the statute it becomes unnecessary to pass upon the other grounds of error asserted by the appellant.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 13, 1930, and the following opinion then rendered thereon:

THE COURT.—Both parties have petitioned for a rehearing.

■ The plaintiff's petition is without merit. He now asks this court to anticipate the rulings of the trial court and fix a measure of damages. In the event of a new trial we must presume that court will properly determine all questions of evidence which are presented to it.

The respondent calls attention to section 103a of the Code of Civil Procedure, which was enacted in 1915, and insists that it authorizes the clerk of a justice's court in counties of the 12th class, to which Kern County belongs, to issue writs of execution without the justice's signature. That section provides: "In every township wherein provision is made by law for a clerk . . . for the justice of the peace, . . . said clerk . . . shall have power to . . . issue summons *and other writs* in civil actions. . . . "

■ Justices' courts are of inferior jurisdiction. Their authority is entirely statutory. Nothing is presumed in favor of their jurisdiction.

■ Section 4185 of the Political Code provides that "Justices of the peace must perform such duties as are prescribed in title eleven, part two, of the Code of Civil Pro-

cedure." This title has particular application to "Proceedings in Justices' Courts." Chapter IX of this title specifically applies to "Executions from Justices' Courts." Section 902 is found in this last-mentioned chapter and provides in clear and unambiguous language that: "The execution . . . *must be subscribed by the justice* and bear the date the day of its delivery to the officer." The section was enacted in 1921. It is a general provision which appears to apply to all justices of the peace, except those of "Cities and Counties," so far as the issuing of executions is concerned. Section 103a was enacted in 1915. If these two sections are in irreconcilable conflict with respect to the issuing of executions, section 902 will prevail since it is the latest expression of the legislature upon that subject. (23 Cal. Jur. 693, sec. 83; 25 R. C. L. 1063, sec. 286.) ▪ These two sections may, however, be reconciled. Section 103a does not specifically authorize the justice's clerk to issue executions. It does authorize the clerk "to issue summons *and other writs.*" In supporting both of these sections, it may be held that section 902, which deals specifically with the subject of executions, requires the justice to subscribe in person an execution which is issued from his court. But writs other than that of an execution, which are authorized by law to be issued from a justice's court, may be signed by a clerk in townships where the law provides for the appointment of such officer. This construction of the statute which requires the justice to personally subscribe the execution is given added force by reference to sections 903 and 905 of the same code. Section 903 provides that: "An execution may . . . be renewed . . . by the word 'renewed' written thereon with the date thereof, and *subscribed by the justice.*" Section 905 provides in part: "Where an execution . . . is to be served out of the county in which it was issued . . . the execution shall have attached to it a certificate under seal, by the county clerk of such county to the effect that the *person* issuing the same *was an acting justice of the peace* of said county at the date of the writ." This last-mentioned section was amended in 1929 by adding after the words "justice of the peace" the following language, to wit: "or a clerk of the justice's court." The amendment was enacted too late to affect the validity of the execution involved in the present case. The

very fact that the legislature amended this section 905 indicates that it recognized the defect in the law prior to this change. The execution in this case was not properly executed or authenticated.

Section 91 of the Code of Civil Procedure provides that: "All legal process of every kind . . . in said justices' courts . . . shall be issued by the said justices' clerk upon the order of the presiding justice." This section has no general application to justices' courts. It refers only to courts of a particular class, to wit, those of political subdivisions termed "cities and counties." This section is found in chapter V, part one, of the code, which is headed "Justices' Courts in Cities and Counties." It is distinguishable from the provisions of section 902. For this reason the case of *Helms* v. *Dunne*, 107 Cal. 117 [40 Pac. 100], held that section 844 of the same code, with reference to the issuing of summons, had no application to justices' courts in cities and counties, and, therefore, did not conflict with section 91. This is not true with relation to the provisions which appear under the caption "Justices' Courts in Townships," for the reason that some of these courts have clerks, and others do not.

Regardless of the construction of section 902, the execution was invalid for service in another county, since the county clerk's certificate was fatally defective.

Even though this amendment to section 905 had been in force at the time of issuing the execution in this case, the county clerk's certificate was fatally defective for the reason that it failed to certify there was any justice of the peace of that particular township, or that there was any acting justice who could give validity to the execution "at the date of the writ." The certificate merely recited that "Rose Goldstein . . . was, at the date of same, and is now, a justice of the peace's clerk in and for said county." There were then several justices of the peace in Kern County. For aught that appears in the certificate the justice of the township where the case was tried may have resigned or died. That office may have become vacant. Rose Goldstein may have been the accommodating clerk of the justice of another bailiwick who had no jurisdiction in that particular case. It is not possible that the mere certificate that a named individual is a justice's clerk somewhere in the county conforms to the law or gives authenticity to a

process issuing from a justice's court. We are of the opinion that the execution was not legally issued or properly authenticated. It furnished no authority to support the levy or sale of the bees.

The petitions for rehearing are denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1930.