[Civ. No. 4678.  Third Appellate District.—November 4, 1932.]

JOHN GRAY, Appellant, v. WALTON CRAIG, Jr., et al., Respondents.

John Gray, *in pro. per.*, for Appellant.

H. E. Schmidt, *in pro. per.*, and George Wadsworth for Respondents.

PULLEN, P. J.—This is a motion to submit upon appellant's opening brief, no points and authorities being filed on behalf of respondents. The motion being granted, we will consider the appeal on its merits.

From the complaint it appears that respondent Craig and the appellant entered into a contract whereby the possession of certain personal property was delivered by respondent Craig to appellant, who agreed to use and care for the same, and to deliver to respondent Craig fifty per cent of the yield therefrom for five years, and if the share delivered amounted to $4,000, appellant was to become the sole owner of the personal property so delivered.

Thereafter appellant alleges the respondent, actuated by express malice, caused an action to be filed against him in the justice's court of Kern County, presided over by T. A. Baker, one of the respondents. Appellant defaulted and a judgment was entered against him. In due time an execution was issued and levied upon the property described in the agreement, and thereafter sold in partial satisfaction of the judgment.

It is alleged that the respondents conspired together to abuse the processes of the court and thereby to oppress and injure appellant and to deprive him of his rights under the agreement between himself and respondent Craig.

Upon issue joined, the trial court entered judgment in favor of the plaintiff and against defendant Craig for nominal damages in the sum of $50, and upon the counterclaim of defendant Craig entered a judgment against plaintiff in the sum of $50, and judgment in favor of the remaining respondents and against appellant.

Appellant, being dissatisfied, prosecutes this appeal and brings his objections to the rulings of the trial court here by a bill of exceptions.

The first point urged for reversal is that the plaintiff was denied the right of trial by jury. It appears that at the time of the setting of the cause for trial, appellant demanded in writing a jury but failed to deposit with the clerk of the court a sum equal to one day's jury fees pay-

able under the law, as required by the rules of the court and section 631 of the Code of Civil Procedure, subdivision 5.

Appellant claims he was thereby denied the right of trial by jury guaranteed to him by the Constitution, but this point has been upon a number of occasions before the court and his contention is without merit. (*Norland* v. *Gould,* 200 Cal. 706 [254 Pac. 560].)

Appellant has also cited numerous instances where it is alleged that the findings made and adopted by the court are not supported by the evidence, but we have carefully examined the evidence appearing in the bill of exceptions and find there is in each instance ample evidence to support the several findings.

True, there is a conflict in the evidence, but it is not the function of this court to pass upon the weight of the evidence or the credibility of the witnesses, that duty resting upon the trial court, and that tribunal, having heard the evidence and observed the demeanor of the witnesses on the stand, and having found upon substantial evidence as to certain facts in controversy, this court is bound thereby.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1932, and the following opinion then rendered thereon:

THE COURT.—Appellant requests a rehearing by this court suggesting that sufficient facts were not set forth in the opinion to clearly show the transaction involved, and having no desire to limit a party to a full discussion of the issues we are elaborating the statement of facts.

The defendant Craig was the owner of 500 swarms of bees and certain equipment which was used to extract the honey they produced.

On May 15, 1928, Craig and the appellant herein executed a contract of lease and sale, the essential portions of which are as follows:

"Now therefore, for and in consideration of the party of the first part delivering possession of said five hundred swarms of bees, Ford truck, honey tank and equipment for extracting honey to the party of the second part, the receipt

whereof is hereby acknowledged, the party of the second part hereby agrees to keep and maintain said five hundred swarms of bees in a good condition and in such a state of condition as is usually practiced by a reliable bee man in the bee business, and that he shall not abandon or desert said bees or any portion thereof.

"It is further understood and agreed that the party of the second part shall keep said Ford Truck and equipment for extracting honey in good repair at his own expense and furnish all work and labor at his own expense and cost in connection with the care, upkeep and maintenance of said bees and the extraction of honey, and that within seasonable and reasonable time he shall deliver to the party of the first part, fifty percent (50%) of all honey obtained from said bees together with fifty percent (50%) of the wax. Delivery to be made to warehouse most convenient to party of the second part. Party of the first part to furnish cans for his portion of the honey.

"It is further understood and agreed that at the end of five years from date hereof said five hundred swarms of bees, Ford Truck, honey tank and equipment for extracting honey shall become the property of the party of the second part provided all conditions of this agreement have been fulfilled and complied with by the party of the second part, and provided further that the amount of honey and wax the party of the first part shall have received from the party of the second part shall have at least amounted to the market value of four thousand dollars ($4,000.00), in excess of the cost of the cans and cases furnished by the party of the first part for his portion of the honey, and provided furthermore the increase in and from the five hundred swarms of bees shall be equally divided between the parties hereto at the end of five years.

"It is further understood and agreed that in the event said party of the second part shall become dissatisfied with this agreement he shall return said five hundred swarms of bees together with the Ford truck, honey tank and equipment for extracting honey to the County of Kern, the original location of said five hundred swarms of bees."

Pursuant to this contract appellant took possession of the bees and equipment.

In August of the same year Craig obtained a judgment against appellant in the justice court of Kern County and shortly thereafter he caused an execution to be issued out of said justice court and it was levied upon the bees and equipment mentioned in the agreement. This writ and levy was, in the case of *Gray* v. *Gieseke*, 108 Cal. App. 271 [291 Pac. 590, 292 Pac. 656], declared invalid and void on its face in that it was not signed by the justice but by a clerk. Thereupon appellant brought this action against Craig and others for conspiring to abuse the process of the court and by that means convert his property to their use and benefit.

On the trial of this action respondents had judgment and the lower court found that the interest of appellant in said contract was of such a vague, uncertain and hazy character that the court could not place a value thereon and for that reason found in favor of the plaintiff and appellant herein for the nominal sum of $50.

One of the grounds urged for a reversal is this finding of the lower court.

We are of the opinion that a reading of the contract and the testimony adduced clearly shows that there was no basis or standard whereby the trial court could determine the actual damage sustained by appellant.

In the case of *Parke* v. *Frank*, 75 Cal. 364 [17 Pac. 427], the court said: "It seems not infrequently to be lost sight of in the trial court that, in actions upon contracts, the amount of damages caused by an alleged breach is to be proved as a fact."

In the case at bar the evidence offered no definite basis upon which judgment could be predicated that would not be conjectural and speculative and the trial court properly held that nominal damages only could be recovered. (Civ. Code, sec. 3301.)

The petition for rehearing is hereby denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.