[Civ. No. 10462.   Second Appellate District, Division Two.—November 7, 1935.]

EMILY R. C. DAVIS, Respondent, v. FREDERICK W. CONANT et al., Appellants.

Sylvan G. Bay for Appellants.

Ben M. Goldman and Aaron B. Rosenthal for Respondent.

GOULD, J., *pro tem.*—Plaintiff's action herein is based upon her claim for damages upon allegations that her husband's affections were alienated by defendants Conant, the sister and brother-in-law of plaintiff's husband. A jury at the trial estimated the alienated affections to be of the value of $15,000 and gave a verdict of compensatory damages in that amount against both such defendants. Plaintiff averted an order granting a new trial by accepting the court's reduced award in the sum of $5,500.

Upon appeal defendants' greatest stress is upon the point that the evidence is insufficient to sustain the verdict, or that in any event it is not strong enough to warrant the court in holding defendant Frederick W. Conant. The record consists of approximately 700 pages of typewritten testimony, which we have examined with care. It is true that the jury might have found in favor of defendants and against plaintiff, but the evidence is not wholly in favor of defendants. The jurors chose to believe plaintiff's story, and that alone is sufficient to sustain the verdict not only against one but against both defendants. With that verdict we may not interfere where there is a substantial conflict in testimony.

Appellants also urge that the action is barred by the statute of limitations. Testimony showed that plaintiff and her husband separated December 26, 1932, while the within action was not filed until December 29, 1933, which appellants claim is three days beyond the statutory one-year limitation. But there was testimony that in January, 1933, plaintiff visited her husband at the home of defendants, who at that time, after lengthy discussion, forcibly ejected plaintiff from their house. Plaintiff also testified that her husband ex-

hibited love and affection for her after January 1, 1933, and that their marital relationship continued after that date although they lived in separate domiciles. Her husband's suit for annulment of their marriage was not filed until February 7, 1933. Ample evidentiary support thus sustains respondent's claim that her action is not barred by statutory limitation.

Appellants finally raise the point that the trial court erred in granting plaintiff a jury trial. It appears that upon the call of the case in the calendar department of the superior court on April 3, 1934, defendants objected to the jury trial theretofore demanded by plaintiff because the latter had not deposited the required jury fees ten days before the trial date. In that department an order was entered sustaining the objection and striking the cause from the jury calendar. Thereafter, on April 4, 1934, in the trial department to which the case had been assigned, plaintiff renewed her motion for jury trial and the court granted said motion.

The court may refuse a jury trial if jury fees are not deposited as required by section 631 of the Code of Civil Procedure, and the litigant is not thereby deprived of any constitutional right. (*Gray* v. *Craig,* 127 Cal. App. 374 [15 Pac. (2d) 762, 16 Pac. (2d) 798].) On the other hand, it is not an abuse of discretion to relieve a litigant for failure to comply with section 631 because of mistake, inadvertence, surprise or excusable neglect. (*Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 972].) Therefore the only question presented here is whether the motion for jury trial after being denied in one department of the trial court might legally be renewed in another department. The several departments function as one court, and the net result of the action complained of is the same as if the same judge had made an order vacating his previous ruling denying a jury trial. It is true that section 1008 of the Code of Civil Procedure provides that when an application for an order has been made and refused a subsequent application for the same order shall be accompanied by an affidavit reciting the history of the previous application and also containing a statement of new facts in support of the order. For aught that appears in the present case such an affidavit was presented to the court which granted the jury trial. The record is silent upon that point, and it will therefore be presumed that the court acted

regularly and upon a proper observance of the statutes and rules governing in the case. (Sec. 1963, Code Civ. Proc.) ▆ It is obvious also that a miscarriage of justice, such as is contemplated by the constitutional mandate (art. VI, sec. 4½) would not result from the trial by jury of a case included within the class of cases which the Constitution contemplates shall be tried by jury.

We discover no abuse of discretion warranting interference with the result of the trial.

No error being shown, the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.