Filed 10/24/22  Renneker v. Brooks CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| RAY RENNEKER,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>STEPHAN BROOKS,<br><br>        Defendant and Respondent. | B317984<br><br>(Los Angeles County<br>Super. Ct. No. BC722584) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Ann Meiers, Judge.  Affirmed.
        Ray Renneker, in pro. per., for Plaintiff and Appellant.
        Stephan Brooks, in pro. per., for Defendant and Respondent.

_____

Plaintiff Ray Renneker[1] appeals in propria persona from a judgment in favor of defendant Stephan Brooks following a court trial in an action to recover money allegedly due and unpaid on a home improvement contract. Renneker contends the trial court erred when it (1) set a court trial instead of a jury trial; (2) vacated a default that had been entered against Brooks; (3) refused to continue the trial when Renneker claimed he could not attend because his wife was ill; and (4) on the merits of Renneker's claim, found in favor of Brooks. We conclude the trial court committed no such errors and we affirm.

## FACTUAL BACKGROUND

Renneker, doing business as California Construction Services, is a licensed contractor in California.[2] On September 9, 2017, he and Brooks entered into a written contract to repair water damage to a home owned by Brooks and co-defendant Estate of Sherrell Atwood. As payment for the work, Renneker agreed to accept the amount paid by Brooks's homeowner's insurance company to repair the damage. Renneker and Brooks soon found themselves in a dispute regarding the scope and quality of the work. After Brooks complained to the California Contractor's State License Board (the CSLB) about Renneker, Renneker walked off the job.

---

[1] Renneker did not respond to a calendar notice sent on September 27, 2022, and did not attend oral argument in this matter.

[2] The facts set out here are taken from Renneker's first amended complaint and from the trial court's statement of decision.

On September 19, 2018, Renneker filed a complaint on behalf of himself and a co-plaintiff,[3] alleging breach of contract as well as common counts for the value of the work done. Brooks answered, attaching what he described as notices showing that Renneker's work had failed inspection, as well as a report prepared by an inspector from the CSLB at Brooks's request.[4]

Renneker retained counsel and filed a first amended complaint. Thereafter, he attempted to take the defaults of both defendants. While these efforts were pending, the trial court scheduled a nonjury trial to begin on February 19, 2021. In January of 2021, Renneker's counsel moved for a continuance, which the trial court granted, and Renneker continued his efforts to have the court clerk enter Brooks's default.

After several attempts by Renneker to obtain Brooks's default, the clerk entered Brooks's default on June 30, 2021. At the final pretrial status conference on August 3, 2021, the trial court vacated the default and ordered that Brooks's answer to the original complaint serve as his answer to the amended complaint. Thereafter, Renneker applied ex parte to continue the trial date so that he would have time to prepare for a court trial as opposed to a default prove-up. The court granted the application and continued the trial for approximately six weeks, until September 24, 2021. On that day, Renneker again requested a continuance, and the court agreed to start the trial on Monday,

---

[3] Renneker's co-plaintiff, Leland Coontz, is an insurance adjuster Brooks retained to assist him with his insurance claim. On its own motion, the trial court struck Coontz's claims from this action. Coontz is not a party to this appeal.

[4] The report was not admitted into evidence at trial, and we do not consider it here.

3

September 27, but stated that it would not permit any further continuances.

The bench trial began on September 27, 2021.[5] On September 29, the third day of trial, Renneker did not attend, asserting that his wife was ill. The court offered to permit Renneker to attend remotely, but he chose not to do so. The court denied Renneker's motion for a continuance, finding Renneker had not demonstrated good cause for a continuance. The trial concluded that day and the court took the matter under submission. On October 15, 2021, the trial court issued a tentative decision and statement of decision in favor of Brooks; the statement of decision was mailed to the parties on October 26, 2021. The court entered judgment in favor of Brooks on October 29, 2021.

## DISCUSSION

### A. We Treat Renneker's Notice of Appeal As Taken From the Judgment

Renneker's notice of appeal, filed on December 23, 2021, states that he is appealing from "the Ruling signed and filed on October 15, 2021 and Tentative Decision entered into this matter on the 26th day of October, 2021." On its face the notice of appeal

---

[5] According to the statement of decision, the court trial was also a prove-up hearing on the default of Brooks's co-defendant, the Estate of Sherrell Atwood. The record contains scant information about this default. No entry of default as to that party appears in the record. In fact, the last application for default against the Estate of Sherrell Atwood in the record shows the application was rejected in January of 2019.

4

is not directed to the judgment in this action, which was entered on October 29, 2021.  We construe the notice of appeal as taken from the judgment.  "[I]t is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced."  (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59; see also Cal. Rules of Court, rule 8.100(a)(2) ["The notice of appeal must be liberally construed."].)

We conclude it is "reasonably clear" Renneker intended to appeal from the judgment entered on October 29, rather than from the (nonappealable) statement of decision dated October 15 and mailed October 26, the dates shown in the notice of appeal. (See, e.g., *Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202 [Court of Appeal construed notice of appeal as directed to judgment rather than to order sustaining demurrer without leave to amend]; *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017 [Court of Appeal construed notice of appeal as directed to the dispositional order in addition to the juvenile court's jurisdictional findings].)

We also conclude that Brooks was not misled or prejudiced by Renneker's error.  The parties have fully briefed the appeal and Brooks has neither challenged Renneker's notice of appeal nor asserted that he was misled by it.  The mere fact that Brooks has to respond to Renneker's appeal is insufficient to show prejudice.  (*K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 890, fn. 8 [where attorney's name did not appear on the notice of appeal of a sanctions order entered against the attorney only, the notice should have been construed to be the attorney's appeal, and not an appeal by the client, who in fact

was listed as the appellant and "the mere fact an opposing party would be able to present his or her claims on appeal is, standing alone, insufficient to establish prejudice"].) For all these reasons, we consider Renneker's appeal as directed to the judgment entered on October 29, 2021.

## B.    The Trial Court Did Not Err In Setting a Court Trial Given Renneker Never Paid Jury Fees

Renneker contends the trial court deprived him of his right to a jury trial when it set a court trial in this matter. It is uncontested that assuming Renneker properly requested a jury trial, including the posting of jury fees, Renneker would be entitled to a jury trial on his common count and breach of contract claims. Although the record does not show why the court set a bench trial, our review of the record shows that Renneker waived a jury trial by failing to post jury fees. "We are required to uphold the [trial court's] ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Code of Civil Procedure[6] section 631 sets out the procedures for demanding a jury trial, deeming the right waived, and seeking relief from such a waiver.

More specifically, section 631, subdivision (b) provides that a party seeking a jury trial must deposit $150 in jury fees; subdivision (c) provides that the deposit must be paid "on or before the date scheduled for the initial case management conference in the action . . . ." Subdivision (f)(5) of the statute further provides that "[a] party waives trial by jury . . . [¶] . . . [¶]

---

[6] Further undesignated statutory references are to the Code of Civil Procedure.

6

[b]y failing to timely pay the fee described in subdivision (b) . . . ." Thus, "[t]he court may refuse a jury trial if jury fees are not deposited as required by section 631 of the Code of Civil Procedure, and the litigant is not thereby deprived of any constitutional right." (*Davis v. Conant* (1935) 10 Cal.App.2d 73, 75; see also *TriCoast Builders, Inc. v. Fonnegra* (2022) 74 Cal.App.5th 239, 244, review granted Apr. 27, 2022, S273368 (*TriCoast Builders, Inc.*) ["a party waives the right to a jury trial by failing to make a timely deposit of jury fees under section 631, subdivision (f)(5)"].)

There is no indication in the record that Renneker ever deposited jury fees, and he does not contend otherwise. Instead, he asserts that he demanded a jury "with his complaint and each amendment to same." The record does not support this assertion: Neither the initial complaint filed in propria persona nor the amended complaint prepared by counsel includes a jury trial demand.

The first indication in the record that Renneker sought a jury trial is in a case management conference statement filed on December 20, 2019. Merely noting a preference for a jury trial in a case management statement, unaccompanied by the timely deposit of jury fees, does not comply with section 631, subdivisions (b) and (c).[7] In addition, the initial case management conference in this action—the statutory deadline for

---

[7] The record contains scheduling orders stating that the trial would be a "Non-Jury Trial." The first of these orders in the record is dated July 9, 2020, more than a year before trial began. Thus, Renneker was on notice that the court had determined he was not entitled to a jury trial, yet he never sought relief from any such determination.

7

depositing jury fees—was on February 27, 2019. Renneker's December 20, 2019, case management statement was filed 10 months after the initial case management conference, which was held on February 27, 2019. In other words, Renneker's first jury trial demand shown in the record was filed almost a year after the statutory deadline to deposit jury fees.

Section 631, subdivision (g) provides, "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury." Renneker does not contend that he ever sought such relief. A fortiori, Renneker has failed to show error in the trial court not granting relief he never requested. (*TriCoast Builders, Inc.*, *supra*, 74 Cal.App.5th at p. 245, review granted [denial of relief from waiver of jury by failure to pay jury fees reviewed for abuse of discretion].)[8]

## C.     The Trial Court Did Not Err In Vacating Brooks's Default

As we have already noted, the trial court vacated Brooks's default approximately six weeks after default was entered, and ordered that Brooks's answer to Renneker's original complaint would be deemed the answer to the amended complaint. Other

_____

[8] The California Supreme Court granted review in *TriCoast Builders, Inc.*, on April 27, 2022, to consider (1) whether a party who is denied relief from a jury waiver and appeals from an adverse judgment must show "actual prejudice" from denial of a jury trial, and (2) whether the trial court abuses its discretion by denying relief from a jury trial waiver absent a showing of prejudice to the opposing party or the trial court. Because Renneker never sought relief from waiver in the trial court, neither issue is in this case.

8

than to assert that "the court erred in throwing[] out the Brooks default," Renneker makes no argument and cites no authority demonstrating error.

"It is the policy of the law to favor, whenever possible, a hearing on the merits.  Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.]  Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)  We review the order vacating Brooks's default for abuse of discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

As the party challenging a discretionary ruling, Renneker had an affirmative obligation to provide an adequate record so that we could assess whether the trial court abused its discretion. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.)  " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'  [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  Renneker has failed to provide a reporter's transcript of the status conference at which the court entered its order vacating the default.  The absence of a record of what occurred at the hearing when Brooks's default was set aside precludes us from reviewing whether the trial court abused its discretion.  (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136.)  Under the applicable standards of review, we presume the trial court had valid reasons to vacate the default.

9

**D.** **The Trial Court Did Not Abuse Its Discretion in Not Continuing the Trial on September 29 Given the Multiple Continuances it Granted to Renneker and the Option for Renneker To Appear Remotely on September 29, Which Renneker Declined**

On September 29—the last day of trial—Renneker did not attend the trial, and no court reporter was present. Renneker's counsel, who did attend, made an oral motion for a continuance, which the court denied. Renneker asserts it was error for the court to proceed in his absence, and without a court reporter. We review the denial of a continuance for abuse of discretion. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814; *Pham v. Nguyen* (1997) 54 Cal.App.4th 11, 18.)

Unlike our review of the order vacating Brooks's default, the lack of a reporter's transcript does not present an insurmountable obstacle to our review of the order denying Renneker's motion to continue the last day of trial. Here, the trial court's minutes address the reasons for concluding that Renneker had not shown good cause for a continuance. When the court granted Renneker's third request for a continuance on September 24, it did so "with the caveat that the trial is without question to go forward at that time, with Plaintiff appearing, if necessary, by Zoom, and any excuse for his non-appearance based on any claim of medical need to help his wife, or on his own illness, to be fully documented . . . . All parties are to have all witnesses present and ready to go, for no time gaps will be permitted." Consistent with this order, on September 29, the court reiterated "that it had informed the parties on 9/24/21 that the trial would be going forward this week with no further continuances, and with no time gaps in trial permitted."

California Rules of Court, rule 3.1332 governs motions for continuance of a trial. In pertinent part, the rule provides that trial continuances are "disfavored," and "[t]he court may grant a continuance only on an affirmative showing of good cause requiring the continuance." (Cal. Rules of Court, rule 3.1332(c).) When the trial court continued the trial a final time, at Renneker's request, the court made it clear that the trial would begin on September 27 and would proceed from day to day without further continuances. Thus, Renneker was on notice on September 24 that the court would not grant further continuances.

Renneker contends that the trial court "forced the plaintiff's attorney to proceed with the [trial] and without the testimony of Plaintiff or the assistance of Plaintiff." The record does not support either statement. The trial minutes from September 27, the first day of trial, show that Renneker was sworn and testified in his case, and that exhibits were admitted in evidence during his testimony. The minutes for September 29 show that Renneker was in communication with his attorney, and that the attorney made the decision not to call rebuttal witnesses based on his communications with Renneker. The minutes also confirm that at the beginning of the morning session, and again following the lunch break, the trial court inquired whether Renneker would appear remotely and was informed he would not. These records confirm that there is no merit to Renneker's contention that he was "forced" into proceeding with the trial, or that he was prevented from testifying or assisting his counsel.

Similarly unfounded is Renneker's contention that he was entitled to a continuance because no court reporter was present

11

on September 29.[9]  Pursuant to the Superior Court of Los Angeles County Local Rules, it was Renneker's responsibility to arrange for a court reporter for the last day of trial.[10]  Because it was not the court's responsibility to furnish a reporter, the trial court did not abuse its discretion by proceeding with the trial notwithstanding Renneker's failure to procure a reporter on the last day.

### E.     There Was No Error In Finding for Defendants at Trial

Renneker's final contention on appeal is that the trial court erred by finding in defendants' favor at trial.[11]  According to Renneker, the trial court "didn't get it," albeit Renneker does not support this conclusion with citations to the record or to legal authority.

We review the trial court's findings of fact for substantial evidence.  "The substantial evidence standard of review is applicable to appeals from both jury and nonjury trials." (*Whitney v. Montegut* (2014) 222 Cal.App.4th 906, 912.)  Under

---

[9]  A court reporter was present at trial on September 27 and September 28.

[10]  The Superior Court of Los Angeles County Local Rules, rule 2.21(a) provides that "[a] party . . . seeking a verbatim record must do so by arranging for a certified shorthand reporter to serve as an official pro tempore reporter . . . ."

[11]  According to the statement of decision, the trial was set for a prove-up hearing for Renneker's default against Brooks's co-defendant, the Estate of Sharon Atwood.  As set forth in footnote 4, *ante*, our record is devoid of an entry of default against that defendant.

12

the substantial evidence standard, "[w]hen a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court." (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874.)

We have already discussed the burden on Renneker, as appellant, affirmatively to show error. Merely stating conclusions, without citations to the record or pertinent authority, does not satisfy that burden. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

Renneker has failed to provide a record that is sufficient for us to review the trial proceedings. In addition to failing to provide a reporter's transcript, he has failed to include copies of admitted trial exhibits in his appendix.[12] Thus, Renneker is asking us to review the trial court's decision without providing the evidence—testimony or trial exhibits—presented by either party at trial. "[T]he appellant has the burden of affirmatively demonstrating error by providing an adequate record. [Citations.] . . . [I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Commission* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)

---

[12] Even the copy of the contract that is included in the record is illegible, as was the copy introduced at trial.

In the interest of justice, we have reviewed the trial court's statement of decision. We do not discern any error in the trial court's reasoning and sound appellate procedure precludes us from reweighing evidence or making credibility findings. The court found Renneker "simply walked off the job before doing the majority of the work which was to be done." The court found Brooks paid more to Renneker than the value of the work that was completed before Renneker left the job.

Further, the court found that Renneker's decision to walk off the job amounted to a breach of the contract. In the words of the trial court, "Defendant testified that he filed a complaint with the Contractor's State Licensing Board on October 7, 2017 and that this is what prompted the ceasing of work (See Exhibitds) [*sic*] and that after he filed this complaint, he received a letter in response from the plaintiff's attorney saying that work would not continue until the complaint was withdrawn, plus a statement by the plaintiff company made through Mr. Schlesinger to the defendant directly that if defendant did not withdraw the licensing board complaint that they would sue him and keep him tied up in the courts for a very long time; but, that, nevertheless, if he were to pay them $5000 more, they would come back to finish what they were then doing and do what was necessary to get him back into his home. . . . Because of this duress, the defendant did then pay plaintiff an additional $5000, only to have the plaintiff fail to reappear to finish or to do the promised work in response."

The trial court concluded as follows: "[I]t should suffice to say that . . . the overall findings that what was proffered by the plaintiff overall was either not credible and that plaintiff had completely failed to put in any 'best evidence' much less any

14

evidence to corroborate and support its quantum meruit and contract claims as to work allegedly done and the value thereof, such as records of payments to workmen, invoices for materials, field notes, permits pulled for work beyond bathroom work, etc. stand, as well as the court's ultimate conclusion that plaintiff did not by any stretch prove any of the elements necessary to prevail in the case by a preponderance of the evidence or 'more likely than not' or any other possible applicable standard of law."

As these quotes make clear, the trial court ruled against Renneker because his witnesses were not credible and because he did not prove his claims by a preponderance of the evidence. The trial court's determinations of witness credibility, and the weight to be given the parties' evidence, are binding on us. "[W]e do not reweigh evidence or reassess the credibility of witnesses." (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622.) Furthermore, we presume that the trial court's findings of fact are supported by substantial evidence, in the absence of a record that would allow us to review those findings. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

## DISPOSITION

The judgment is affirmed.[13]    Stephan Brooks shall recover his costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.

---

[13] After Renneker filed his reply brief, Brooks moved to strike Renneker's opening brief as a sanction for "misleading" the court regarding the timeliness of Brooks's respondent's brief. We deny Brooks's motion to strike as not merited. (See Cal. Rules of Court, rule 8.276(a).)