[Civ. No. 4655.. Second Appellate District, Division One.—September 28, 1926.]

## FRED H. SAWYER, Appellant, v. WILLIAM H. HOOPER, Respondent.

[1] NEGLIGENCE — EXPLOSION OF ILLUMINATING GAS — ACTION FOR DAMAGES—PLEADING—DEMURRER.—In an action for damages for personal injuries sustained by plaintiff while upon certain premises of which defendant was the lessee and in possession, and which injuries were occasioned by the explosion of illuminating gas which had escaped from an uncapped gas-pipe on said premises, the question of whether negligence properly and lawfully may be inferred from such a state of facts, in the first instance, is solely for the court to determine, and the fact that a jury might arrive at a conclusion either that defendant was guilty of negligence or that he was in the exercise of ordinary care cannot be considered.

[2] ID. — DUTY TOWARD INVITEE — REASONABLE CARE. — One in lawful possession of premises who by his invitation induces others to go thereon is under the duty of using reasonable care to keep such premises in a safe and suitable condition to the end that such invitees will not be unnecessarily exposed to danger.

[3] ID.—PROXIMATE CAUSE OF INJURY—CONTINUING ACT—INTERVENING ACT OF THIRD PERSON.—If no direct negligent act of defendant is the cause of the injuries to plaintiff, but such injuries arise from the negligent act of a third person, no liability will attach to defendant; but where defendant has committed a negligent act, which is continuing in its nature, and from which it is or should be anticipated that in the ordinary or natural course of human conduct a succeeding act of negligence directly connected with the first negligent act is likely to be committed by any person and which will result in injury, the proximate cause of said injury will include the first negligent act of defendant.

[4] ID. — ANTICIPATION OF NEGLIGENCE OF THIRD PERSON — PROXIMATE CAUSE OF INJURY.—Where a negligent act is succeeded by a disconnected act of negligence of another person,. and which results in injury to a third person, if the original negligence was such that, in the ordinary and natural course of events, the second negligent act should have been anticipated as reasonably likely to happen, the proximate cause of the injury may be laid in the first negligent act.

---

2.   See 19 Cal. Jur. 618; 20 R. C. L. 55.
3.   See 19 Cal. Jur. 571; 12 R. C. L. 913.
4.   See 19 Cal. Jur. 571.

[5] ID. — EXPLOSION OF ILLUMINATING GAS — ACTION FOR DAMAGES — PLEADING.—In this action for damages for personal injuries sustained by plaintiff while upon certain premises of which defendant was the lessee and in possession, and which injuries were occasioned by the explosion of illuminating gas which had escaped from an uncapped gas-pipe on said premises, the allegations of the complaint disclosed that defendant was guilty of negligence in having on his premises wherein plaintiff was invited an uncapped gas-pipe filled with large quantities of illuminating gas, which was prevented from flowing through and escaping from the uncapped gas-pipe only by a valve, and unprotected from the acts of careless or mischievous persons; and it was through defendant's original negligence, aided by other negligence of a third person, which defendant should have foreseen, with the resultant injury to innocent persons who might be on the premises through his invitation, that the accident occurred.

---

· (1) 31 **Cyc.,** p. 345, n. 60.    (2) 29 **Cyc.,** p. 453, n. 86, 87.    (3) 28 **C. J.,** p. 596, n. 15, p. 597, n. 24; 29 **Cyc.,** p. 488, n. 29, p. 501, n. 8. (4) 29 **Cyc.,** p. 501, n. 8.    (5) 28 **C. J.,** p. 599, n. 61.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Earle M. Daniels, Julius V. Patrosso and C. C. Mishler for Appellant.

Owen C. Emery for Respondent.

THE COURT.—This action was brought to recover damages for personal injuries sustained by plaintiff while upon certain premises of which defendant Hooper was the lessee and in possession and which injuries were occasioned by the explosion of illuminating gas which had escaped from an uncapped gas-pipe on said premises.

· Without a statement of unnecessary details of the pleading in question and regarding the sufficiency of which no controversy exists as between the parties to this appeal, it may suffice to state that, among other things, the amended complaint contains allegations in substance that the premises in the possession of defendant Hooper were connected with a gas-main which contained "large quantities of illuminating gas," and that a gas-meter equipped with a valve or

device for the purpose of opening or closing the flow of gas from the gas-main was installed on said premises; that defendant made no investigation for the purpose of ascertaining whether the gas-pipes on the said premises were properly installed or in good condition, and knew that the outlets of said pipe leading into the premises of which he was in possession were not capped or otherwise closed to prevent the escape of illuminating gas therefrom should the valve at or on said meter be opened, and knowingly permitted to be maintained the said meter and the valve therein or thereon without inclosing or otherwise protecting the same from being turned on without his knowledge or consent, or the knowledge or consent of the proprietor of the gas-main and without locking or securing said meter or the valve therein or thereon to prevent the same from being turned on without his knowledge or consent, or the knowledge or consent of the said owner of said gas-main; that at all times mentioned in the complaint defendant Hooper, knowing that the gas-pipes on the premises occupied by him were connected with the gas-mains of the said gas company, negligently and carelessly maintained and permitted one of said gas-pipes located on the said premises and connected with the gas-main, as aforesaid, to remain uncapped and not otherwise closed to prevent the escape of gas into the premises occupied by defendant from the said gas-mains; that by reason of the failure of said defendant to protect or secure said gas-meter and the valve therein or thereon, the said defendant carelessly and negligently permitted certain persons without the knowledge or consent of the owner of said gas-main to negligently and carelessly turn on or open the valve in or on said meter to which were connected the gas-mains of the owner of said gas-main and the pipes leading into the premises occupied by said defendant, whereby gas was permitted to pass and flow from said gas-main into the pipes leading into the said premises of said defendant, and that by reason thereof gas did pass or flow into said premises, and by reason of defendant's negligence in failing to cap or otherwise close the outlets in said gas-pipes, gas escaped from the said uncapped gas-pipes therein, by reason of which said premises were completely filled with large quantities of combustible and inflammable gas, which became ignited and thereupon exploded, and by reason whereof the

plaintiff, who at the time of said explosion was lawfully on the premises occupied by the said defendant and at his invitation and request, sustained the injuries of which complaint is made.

A demurrer to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained by the court. Judgment was rendered in favor of defendant Hooper, and the plaintiff appeals therefrom.

It will thus be noted that more briefly stated the question to be determined is whether negligence may be predicated upon the fact that with full knowledge of the existing conditions, defendant had an escaping gas-pipe on his premises which was connected with a gas-main and "carried large quantities of illuminating gas," and which gas was ordinarily prevented from entering the premises of defendant by a valve which at all times was "in the possession and under the control of the defendant," but which was unguarded and unprotected from the acts of careless or mischievous persons —and from which conditions portions of the accumulation of gas which escaped from such uncapped gas-pipe, filled the premises, and an explosion occurred which caused the injuries of which plaintiff complains.

[1]  At the outset, it is perhaps well to bear in mind that assuming the truth of the facts pleaded, the question of whether negligence properly and lawfully may be inferred from such a state of facts in the first instance, is solely for the court to determine. In the existing status of the case, what view of supporting evidence might be taken by a jury is immaterial. In other words, the fact that a jury might arrive at a conclusion either that the defendant was guilty of negligence or that he was in the exercise of due care, cannot be considered.

[2]  The principle of law appears to be well established that one in lawful possession of premises who by his invitation induces others to go thereon is under the duty of using reasonable care to keep such premises in a safe and suitable condition to the end that such invitees will not be unnecessarily exposed to danger.

[3]  The general rule with reference to liability for damages caused by wrongful act is that the negligence which directly causes such damages must be considered as the responsible agency. It is apparent that in the case at bar

two different acts of negligence were present, first, the uncapped gas-pipe, and, secondly, the act of strangers turning the valve so as to permit the flow of gas into such uncapped pipe. The underlying legal proposition here submitted is whether the uncapped gas-pipe, together with the conditions present as hereinbefore set forth, can be considered as the proximate cause of the injuries. In other words, the inducing or immediate cause. Abstract statements of the law apparently applicable to the general facts herein might seem to indicate that if no direct negligent act of the defendant was the cause of the injuries to plaintiff, but that such injuries arose from the negligent act of a third person, no liability will attach to defendant. One of the exceptions to such rule is that where it appears that one has committed a negligent act, which is continuing in its nature, and from which it is or should be anticipated that in the ordinary or natural course of human conduct, a succeeding act of negligence directly connected with the first negligent act, is likely to be committed by any person and which will result in injury, the proximate cause of said injury will include the first negligent act. Aside from statements of learned authorities on the law of negligence, the adjudicated cases in this state are by no means silent on the principle to which reference has just been made.

In *Hale* v. *Pacific Telephone & Telegraph Co.*, 42 Cal. App. 55, 58 [183 Pac. 280], may be found the following language: "The rule, as we understand it, applicable to such cases, is that where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; . . . "

So in the case of *Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534], where it appears that an explosion of gas resulted from the negligence of the company in repairing a leak in the gas-pipes and from the act of the lessee of the premises in bringing a light in contact with the gas, thus causing the explosion, it was held that both acts were the

proximate cause of the resultant injury. A part of the preliminary law of the case as stated in the syllabus is that:

"An independent wrongful act, to constitute the proximate cause of an injury, by displacing the original primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission.

"The original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoined with the original act to create the disastrous result."

Another case in point is that of *Feeney* v. *Standard Oil Co.*, 58 Cal. App. 587 [209 Pac. 85], wherein it appears that an employee of defendant spilled a considerable quantity of gasoline on the floor of a garage where he was making a delivery, and that some ten or fifteen minutes later while waiting in the garage for an approval of his delivery tags by the owner of the garage, the employee of defendant carelessly and negligently dropped a lighted match into the spilled gasoline, which resulted in the destruction of the garage by fire. In the course of the opinion it is said: "Since the court did not find that the gasoline was negligently spilled the judgment must have been grounded upon McDonald's (the employee) negligence in igniting the gasoline or his failure to promptly remove it from the cement floor of the garage." And after commenting upon the well-known dangerous character of the gasoline especially in the circumstances there presented, the court said that the danger to be apprehended from leaving two and one-half gallons of gasoline spilled on a cement floor of a garage was well within the range of reasonable foresight. Nor would McDonald's independent act of negligence in dropping the lighted match relieve the defendant from the consequences of his negligent failure, "as its agent, to remove the gasoline. 'If I am guilty of negligence in leaving anything dangerous in a place where I know it to be extremely probable that some other person will unjustifiably set it in motion to the injury of a third, and if that injury should be so brought about, I presume that the sufferer might have redress by action against both or either of the two, but un-

questionably against the first.' (*Lynch* v. *Nurdin,* 12 Q. B. [A. & E., N. S.] 29.)''

In the case of *Carroll* v. *Central Counties Gas Co.,* 74 Cal. App. 303 [240 Pac. 53], a gas company constructed a pipeline which in part was parallel to a bridge but located a distance of five feet therefrom. An automobile in 'which plaintiff was riding, without negligence on his part, was deflected from its course and struck and broke the pipe-line which caused gas to ignite and burn the plaintiff. With reference to the question of law here under consideration, after observing that the defendant was under obligation to exercise ordinary care to prevent the escape of gas from its pipe-line, which care included particular consideration of the danger to be avoided and the likelihood of injuries resultant therefrom, the court quoted with approval the following language: ''Where death may be caused by an agency lawfully in use, ordinary care requires that every means known, or that with reasonable inquiry would be known, must be used to prevent it. (Citing several cases.)

'' 'If the negligent act or omission is one which the company ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, then it is liable for any injury proximately resulting therefrom, although it might not have foreseen the particular injury which did happen.' (12 R. C. L. 913.)''

Continuing further, the court said: ''Respondent contends that, if it be conceded that it was guilty of negligence in the maintenance of its pipe line, such negligence was not the proximate cause of the alleged injury, but that 'the act of the automobilist who forced the car in which plaintiff was riding off the road was the proximate cause of the injury.' The defendant's negligence, however, was continuous in its nature, existing at all times up to the moment of the injury. Under a state of facts not distinguished in legal effect from those here involved, it is said: 'The independent wrongful act, to constitute the proximate cause by displacing the original primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission. . . . The original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating

79 Cal. App.—26

the disaster will in law be regarded not as independent, but as conjoining with the original act to create the disastrous result.' '' (Citing cases.)

[4] Other cases might be cited which in principle uphold the rule in effect as heretofore announced that where a negligent act is succeeded by a disconnected act of negligence of another person, and which results in injury to a third person, if the original negligence was such that in the ordinary and natural course of events, the second negligent act should have been anticipated as reasonably likely to happen, the proximate cause of the injury may be laid in the first negligent act.

[5] In the instant case, as disclosed by the allegations of the amended complaint, defendant Hooper was guilty of negligence in having on his premises wherein plaintiff was invited an uncapped gas-pipe ''filled with large quantities of illuminating gas,'' which was prevented from flowing through and escaping from the uncapped gas-pipe only by a valve, and unprotected from the acts of careless or mischievous persons. Defendant knew, or at least should have known, of the danger likely to arise from such a situation. It was through his original negligence, aided by such other negligence of a third person and which he should have foreseen the probability of its occurrence, with the resultant injuries to innocent persons who might be on his premises through his invitation, that the accident occurred. The amended complaint tells a connected and concise story of defendant's duty toward plaintiff and of defendant's alleged negligent acts which in the light of the authorities were the proximate cause of plaintiff's injuries. The demurrer to the amended complaint should have been overruled.

For the reasons hereinbefore set forth, it is ordered that the judgment be and it is reversed.