[Civ. No. 3579. Third Appellate District.—January 10, 1929.]

ALBERT RAUCH et al., Respondents, v. SOUTHERN CALIFORNIA GAS COMPANY (a Corporation), Appellant.

[Civ. No. 3580. Third Appellate District.—January 10, 1929.]

ALBERT RAUCH et al., Respondents, v. SOUTHERN CALIFORNIA GAS COMPANY (a Corporation), Appellant.

Thomas J. Reynolds for Appellant.

George M. Pierson for Respondents.

JAMISON, J., *pro tem.*—By stipulation of the parties, the above cases were consolidated on appeal. The facts in each case, except as to the damages, being the same.

Respondents brought these actions for damages resulting to their property from the explosion of gas, which they claim was caused by the negligence of the appellant gas company. Judgments were rendered in their favor in each of said cases, from which judgments appellant Gas Company has appealed.

On October 24, 1924, respondents Albert Rauch and Marie Rauch were the owners of a one-story frame dwelling, situated in the city of Glendale, the same being furnished and equipped for housekeeping and being known as 600 South Street. Respondents H. V. Zechiel, C. H. Zechiel, and Title Guarantee and Trust Company were beneficiaries and trustee under a deed of trust covering said dwelling. Daniel Stuart held a mortgage against said dwelling and respondent Niagara Fire Insurance Company was joined as a plaintiff by reason of having paid the loss occasioned by the burning of said premises. On the said twenty-fourth day of October, 1924, gas from the mains of appellant accumulated in and under said dwelling and in some unaccounted manner ignited and exploded, wrecking the dwelling and injuring and destroying the furniture and house furnishings therein contained.

It is contended by respondents that the explosion was caused by the negligence of appellant. Appellant was, at the time of said explosion, engaged in the business of supplying gas for heating and lighting purposes in various sections of the city of Glendale, and at said date was supplying gas to said dwelling and for that purpose appellant had installed a gas-meter under said dwelling and connected same by means of a service pipe with its main on South Street.

The ordinances of the said city of Glendale provided in substance that every corporation owning or having an interest in conduits, tunnels, etc., under the surface of a public street or alley used for supplying gas should file in the office of the city engineer a map showing the exact location of all mains and service pipes installed beneath such

streets or alleys and that no service pipe should be installed at a depth of less than two feet below the established grade.

Said ordinance also provided that the corporation desiring to install any pipe for any purpose in or under the surface of any public street should first obtain written permission from the street superintendent so to do, that a written application for such permit should be filed with said street superintendent, that a duplicate plat showing the proposed location of each excavation for such installation should be furnished said street superintendent, that legal authority should be shown to occupy or use said street, and that such duplicate plats shall first be approved by the city engineer.

It appears that on the said twenty-fourth day of October, 1924, defendant Huth was engaged in excavating a trench for the city along the west side of Kennelworth Avenue and for that purpose was using what is known as a mechanical excavator; that when at a point a few feet south of the intersection of Kennelworth Avenue and South Street the excavator came in contact with the service pipe leading from appellant's main on South Street to said dwelling; that the contact did not break or fracture the service pipe, but dented and bent it. That prior to starting upon said excavation defendant Huth requested Smith, the foreman of pipe-layers of said city, to locate the mains and service pipes on said avenue and street. Smith referred him to Vertefeuille, an employee of the city. Vertefeuille called up the office of appellant and inquired about the location of the service pipes on said avenue and was informed by Hampton, the dispatcher of appellant, that he would have the information sent to him. Huth testified that thereafter Harry Walters, who was appellant's service foreman, gave him a map or plat showing the locations of the mains on South Street, but that it did not show any service pipes, either on Kennelworth Avenue or on South Street, and he further testified that Walters told him there were no service pipes on said avenue. Walters denied giving any map or plat to Huth or telling him there were no service pipes on said avenue.

Huth also testified that the service pipe was located less than two feet below the established grade, that is to say, from eighteen to twenty inches below said grade.

The trial court, after quoting the provisions of the said ordinance, relating to the provisions thereof for obtaining

a permit for the installation of said service pipe and the requirements that a plat showing the exact location of the service pipe should be filed with the city engineer and that said service pipe should be installed at a distance of less than two feet below the established grade, made the following findings with reference to the negligence of the appellant:

"That South Street and Kennelworth Avenue are each and severally public streets of the City of Glendale, California, and that defendant Southern California Gas Company, unlawfully, negligently and carelessly failed to comply with the provisions of said ordinance in this that it caused said service pipe connecting the main with the premises at 600 South Street to be installed without having first filed a plat in duplicate, or otherwise, showing the proposed location thereof; that it showed no legal authority to said superintendent for the installation of said service pipe, that no plats, as therein provided, were approved by the city engineer of the City of Glendale and that said service pipe was installed at a distance of less than two feet below the service of said Kennelworth Avenue and South Street."

The court further found that appellant failed to file with the city engineer or to keep a record, or make any notation of the exact location of the said service pipe, and that due to such negligence the defendant Huth had no notice or knowledge of the location or existence of said service pipe until after he had run into it while digging the ditch aforesaid; that, by reason of said negligence on the part of appellant, gas flowing from said service pipe collected and accumulated in and through said dwelling, and through some unknown means became ignited and exploded.

It appears from the evidence that while the excavator did not break the service pipe so as to cause any gas to escape at that point, it did bend the pipe and that the force of the impact caused a disconnection of the said pipe under or near the said dwelling, from which the gas escaped that caused the explosion.

Appellant, in its brief, filed in this case, admits that it failed to perform the duty imposed upon it by the said ordinance requiring it to file a map or plat showing the

location of service pipes in the streets and alleys of the said city of Glendale.

It is a general rule of the law of negligence that a violation of a statute, or a county or municipal ordinance which directly causes injury to another, constitutes negligence as a matter of law. (19 Cal. Jur. 632.) But, it is claimed by the appellant, and it appears to be the contention mainly relied on by it for a reversal, that the act of the defendant Huth in striking the service pipe, thereby causing its disconnection and consequent escape of the gas therefrom, was the independent, intervening act of a third person. Thompson, in his Commentaries on the Law of Negligence, volume 8, page 21, says: "An efficient intervening cause within the meaning of the principles here involved is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result. One of the most valuable tests to apply to determine this question is to determine whether a responsible human agency has intervened sufficient of itself to stand as the cause," and, at page 20, same volume, he further says: "An intervening agency which merely concurs with the cause counted on as a proximate cause of the accident does not prevent the latter from becoming the proximate cause for the purposes of the action."

By the failure of appellant to comply with the ordinances of the said city of Glendale in placing and maintaining its said service pipe beneath said streets, it was guilty of a continuing negligence and such negligence continued to exist up to the time of the accident. Had the negligent act of appellant ceased to exist prior to the striking of said service pipe by Huth, there would be foundation for the claim of appellant that the act of Huth in striking said pipe was the independent intervening act of a third person.

The testimony of both Huth and Vertefeuille was to the effect that Huth had done all that a reasonable prudent man could have done to ascertain, before beginning said excavation, whether or not he would come in contact with said service pipe, and was led to believe by appellant's employees that there were no service pipes on said Kennelworth Avenue.

It is the well-established law that the original wrongful act may be so continuous that the act of a third person

precipitating the disaster will, in law, be regarded not as independent, but as conjoining with the original act to produce the accident. (*Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53]; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Marton* v. *Jones*, 44 Cal. App. 299 [186 Pac. 410]; *Sawyer* v. *Hooper*, 79 Cal. App. 395 [249 Pac. 530].)

It is a matter of common knowledge that trenches are constantly being dug and excavations made in and under the public streets of cities. Therefore, where, as in this case, no record is kept or plat or map made or filed, showing the exact location of appellant's service pipes, it should have anticipated in the ordinary and usual course of human conduct, the very thing that happened in this case was likely to happen. Bearing on this question is the case of *Sawyer* v. *Hooper, supra,* which was a case for injuries suffered by the explosion of illuminating gas, which flowed into an uncapped gas-pipe, through the negligent or careless act of strangers, in turning a device or valve on a gas-meter, by means of which gas from the main was permitted to flow into said uncapped gas-pipe. The court said:

"The underlying legal proposition here submitted is whether the uncapped gas pipe, together with the conditions present as hereinbefore set forth, can be considered as the proximate cause of the injuries; in other words, the inducing or immediate cause. Abstract statements of the law apparently applicable to the general facts herein might seem to indicate that, if no direct negligent act of the defendant was the cause of the injuries to plaintiff, but that such acts arose from the negligent act of a third person, no liability will attach to defendant. One of the exceptions to such rule is that, where it appears that one has committed a negligent act, which is continuing in its nature, and from which it is or should be anticipated that in the ordinary or natural course of human conduct a succeeding act of negligence directly connected with the first negligent act is likely to be committed by any person, and which will result in injury, the proximate cause of said injury will include the first negligent act."

Appellant next contends that, admitting that it was negligent, by reason of its failure to comply with the

ordinances of the city of Glendale, as aforesaid, that if it had been notified of the fact that Huth had struck the said service pipe, it would have immediately investigated the condition of the pipe, and that as the explosion did not occur until some three hours after Huth struck the pipe, appellant could and would have prevented the explosion. Huth testified that no gas escaped from the service pipe at the place where his excavator struck it; that he did not know whether or not the service pipe connected with the said dwelling, that after he struck said pipe he went to said dwelling, but that no one was at home; that there were no indications of escaping gas around the dwelling. It appears that respondents Albert Rauch and Marie Rauch occupied the dwelling, but were away from it during the afternoon and evening and did not return until after the explosion.

Huth testified that he notified employees of the city of Glendale that he had struck the said service pipe, but did not notify appellant.

Admitting that it was the duty of Huth to have notified appellant of the fact that he had struck the service pipe, his failure to do so would not have relieved appellant from the consequences of its negligence. (*Keiper* v. *Pacific Gas & Electric Co.*, 36 Cal. App. 362 [172 Pac. 180]; *Kimic* v. *San Jose etc. Ry. Co.*, 156 Cal. 379 [104 Pac. 986]; *Tompkins* v. *City Street Ry. Co.*, 66 Cal. 163 [4 Pac. 1165].) In the case of *Keiper* v. *Pacific Gas & Electric Co.*, *supra*, the court said that where the injury complained of was produced by two separate, distinct, and independent acts of negligence on the part of two separate and different persons, and where the injury could not and would not have been produced by the act of one alone, they were joint tort-feasors and could be sued jointly or separately, and quoted with approval the following from Wharton on Negligence, page 395: "Where both are sued the plaintiff may ordinarily dismiss as to either, and if it turn out at the trial that one was not guilty of negligence, he may, on sufficient evidence take a verdict against the other."

Finally, appellant contends that its action in failing to comply with the said ordinances of the said city of Glendale was waived by said city; that it has never filed with the city engineer, as required by said ordinances, a plat or map showing the exact location, or any location of

its service pipes, and that this has been acquiesced in by the city.

It is evident that the requirement of said ordinance that a map or plat showing the exact location of appellant's service pipes was a salutary police regulation, tending to assist the protection of the public from the dangers attendant upon the transmission throughout the city of dangerous and highly inflammable substances such as gas. Such being the case, public policy forbids its waiver by passive acquiescence, even though with knowledge of the infraction of the law. (19 Cal. Jur., p. 639; *Fresno T. Co.* v. *Atchison etc. Ry. Co.*, 175 Cal. 358 [165 Pac. 1013]; *Martello* v. *Beletich*, 59 Cal. App. 533 [211 Pac. 20]; *Reinders* v. *Olsen*, 60 Cal. App. 764 [214 Pac. 268].) The facts in the case of *Schwartz* v. *California Gas & Elec. Corp. et al.*, 163 Cal. 398 [125 Pac. 1044], relied on by appellant to sustain its contention, that the act of Huth, in running his excavator against the service pipe, was the independent intervening act of a third person are not similar to the facts of this case. In the Schwartz case, an employee of defendant had dropped a glass insulator from one of the poles and left it there. The accident to the horse in that case would not have happened had the insulator remained where it had been dropped. Some third person, or independent agency, removed it from where it had been dropped and the accident happened at the point to which it had been removed. In that case the court held that had the insulator remained where it had been dropped, and had the accident to the horse occurred at that point the defendant would have been liable for the injuries sustained by the horse.

In the case under consideration there is no evidence that the service pipe was removed from the exact spot where it was originally placed by appellant.

We are of the opinion that the findings of the court that appellant's negligence was the proximate cause of said explosion and damage consequent thereon is supported by the evidence.

■ The trial court, as part of its judgment in case No. 3579, awarded respondents the sum of $900 as rental value of said dwelling during its reconstruction. It appears that no evidence was offered in the trial of this case regarding said rental value.

After the appeal had been perfected plaintiff moved in the appellate court, under the provisions of section 956a of the Code of Civil Procedure, for permission to produce such evidence. It was thereupon stipulated by the parties to said action that the rental value of said dwelling was the sum of $450.

The judgment in the aforesaid case No. 3580 is affirmed.

The judgment in case No. 3579 is modified by deducting from the amount therein awarded to respondents Albert Rauch, Marie Rauch, H. V. Zechiel, C. H. Zechiel, and David Stuart the said $450, the stipulated rental value of said dwelling, and, as so modified, is affirmed, respondents to recover costs on appeal.

Hart, Acting P. J., and Plummer, J., concurred.

Petitions for a rehearing of this cause were denied by the district court of appeal on February 9, 1929, and petitions by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, were denied by the supreme court on March 11, 1929.

All the Justices concurred.