[Civ. No. 8809. First Appellate District, Division Two.—January 2, 1934.]

J. E. HILL, as Administrator, etc., Respondent, v. EDWARD A. PERES et al., Appellants.

Colding, Hale, Crawford & Myers for Appellant Peres.

J. Hampton Hoge and A. Dal Thomson for Appellant Brooder.

Tinning & De Lap for Respondent.

OGDEN, J., *pro tem.*—This is an action for damages brought by the administrator of her estate for the death of Johanna Hill, which is claimed to have resulted from the negligence of both appellants. The cause was tried with a jury, which returned its verdict against both appellants in the sum of $15,000. Both appellants have separately appealed from the judgment entered thereon, each contending that he was not negligent and that even though negligent his negligence was not a proximate cause of the death.

About 10 o'clock P. M., on the evening of January 24, 1932, the deceased was riding in the front seat of a Ford coach automobile with her husband, who was driving, her three children riding in the rear seat. As they were proceeding in an easterly direction along Cutting Boulevard, in the city of Richmond, a collision occurred between the automobile in which they were riding and an Auburn sedan automobile proceeding in the opposite (westerly) direction operated by appellant Peres. At the point where the accident occurred, and for a considerable distance in both directions, Cutting Boulevard is a level, broad highway, being sixty-one feet from curb to curb and paved for the entire width. It runs in a general easterly and westerly direction, being perfectly straight, except at a point approximately one thousand feet easterly of the scene of the accident, where it "jogs" slightly to the south and then continues in the same general direction, but deviating slightly to the north. Although within the city limits, the accident occurred neither in a business nor residence district as defined in the California Vehicle Act. It was a clear, moonlit night and the pavement was dry. Prior to the accident the Hill automobile had been traveling about nineteen feet from the south curb at a speed of about thirty miles per hour. Mr. Hill testified that as the Peres automobile approached it "zigzagged" from the north side of the highway to the

south side. When the two cars were about a hundred and fifty to two hundred feet apart Mr. Hill turned his car to the left to avoid the other and permit it to pass on his right. At about the same time the appellant Peres also turned to the north, both cars coming into violent collision on that side of the highway. Both Mr. and Mrs. Hill were thrown to the pavement, where they lay unconscious and one of the children, Elizabeth, was so severely injured that she died the following morning. A more detailed statement of the circumstances surrounding this accident appears in the opinion of this court in the action based on the death of Elizabeth Hill, see *John Hill* v. *Edward A. Peres*, action No. 8865, *post*, p. 144 [28 Pac. (2d) 944], this date decided.

The Peres automobile came to a stop with its front wheels against the north curb and its rear extending into the highway at almost a right angle. Mrs. Hill was thrown so that she lay about four feet west of the Peres car, her head resting upon the north curb and her body extending to the west and south about two feet from the curb. About fifteen minutes later and while Mrs. Hill lay in the same approximate position pending the arrival of an ambulance, a Buick sedan automobile, operated by the appellant Brooder and traveling in a westerly direction, crashed into the Peres automobile, swinging the rear end of the latter around so that its right rear wheel pinned the body of Mrs. Hill between it and the curb, crushing her chest.

■ The contentions of the appellant Peres that he was not negligent in the operation of his automobile, that, even though negligent, his negligence was not the proximate cause of the first accident and that the driver of the Hill automobile was at fault in turning to his left are fully discussed and answered in our opinion in *Hill* v. *Peres*, No. 8865, *supra*, which, so far as these questions are concerned, is based upon the same evidence. Under authority of that decision and without here repeating our reasons therefor, we therefore hold that the implied finding of the jury in this action, that the collision between the Hill and Peres automobiles proximately resulted from the sole negligence of the appellant Peres, is amply supported by the evidence.

■ At the time of the second collision a crowd of at least seventeen persons had gathered about the scene and four other automobiles were parked near by with their

lights lit, three of them east of the wrecked cars and on the south side of the highway with their lights burning and facing in the direction of the appellant Brooder's approach. Several persons who passed during the interval between the two accidents testified that they observed the wrecked cars at distances ranging from one to three blocks away. The speed of the Brooder car was estimated by witnesses as over forty miles per hour and was not slackened until the collision occurred. The appellant admitted that he noticed three or four cars parked on the south side of the highway and that, although their lights interfered with his vision, he could not say whether he decreased his speed as he assumed that the highway was unobstructed.

Whether, under the circumstances, the appellant Brooder saw, or should have seen, the wrecked cars and the crowd of people gathered around them and whether the parked cars which he admittedly saw were sufficient warning of danger to require him, as a prudent driver in the exercise of reasonable caution, to decrease his speed and stop if necessary, were questions solely within the province of the jury to determine. Its finding that he was negligent must be held to be conclusive on this appeal. ■ The driver of an automobile is bound to use reasonable care to anticipate the presence on the highway of others who have equal right to be there and the fact that his vision is temporarily interfered with, either by the glaring sun or headlights, does not relieve him from that duty (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [239 Pac. 709, 41 A. L. R. 1027]; *Havens* v. *Loebel*, 103 Cal. App. 210 [284 Pac. 676]).

Each appellant seriously contends that, assuming his negligence, such negligence was not a proximate cause of the death of Mrs. Hill. In response to a question submitted by the court the jury returned a special finding that the deceased was alive after the first collision. The appellant Peres relies upon this finding as relieving him from liability as a matter of law and the appellant Brooder attacks it as being unsupported by the evidence.

■ Although Mrs. Hill lay unconscious after the first accident, there arises no presumption therefrom that she was not alive. Her husband, who was also thrown to the highway beside her unconscious, recovered from his injuries. One witness testified that during the interval between the

two collisions she observed the upper part of Mrs. Hill's body move. Another testified that several times during this interval, the last time at the very moment of the second collision, he felt Mrs. Hill's pulse and that her heart was still beating. The autopsy surgeon testified that the immediate cause of her death was a lacerated heart due to a crushed chest. The special finding that Mrs. Hill was alive after the first accident and the implied finding that her death resulted from injuries received in the second collision were amply supported by the evidence.

It does not necessarily follow, however, that the appellant Peres is thereby relieved of liability for her death. The law does not require that the negligence of a defendant must be the sole cause of the injury in order to entitle the plaintiff to recover therefor. All that is required is that the negligence in question shall be a proximate cause of the injury. (*Griffith* v. *Oak Ridge Co.,* 190 Cal. 389 [212 Pac. 913]; *Dewees* v. *Kuntz,* 130 Cal. App. 620 [20 Pac. (2d) 733].) The primary causation may be so continuous that a concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoining with the original act to create the disastrous result. (*Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559]; *Rauch* v. *Southern Cal. Gas Co.,* 96 Cal. App. 250 [273 Pac. 1111]; *Carroll* v. *Central Counties Gas Co.,* 74 Cal. App. 303 [240 Pac. 53]; *Marton* v. *Jones,* 44 Cal. App. 299 [186 Pac. 410]; *Sawyer* v. *Hooper,* 79 Cal. App. 395 [249 Pac. 530].) The rule is stated in *Hale* v. *Pacific Telephone & Telegraph Co.,* 42 Cal. App. 55 [183 Pac. 280], and approved in *Sawyer* v. *Southern Cal. Gas Co.,* 206 Cal. 366 [274 Pac. 544], that ''where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, a defendant should have known the intervening act was likely to happen; but if the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such further

acts, and the original negligence cannot be said to be the proximate cause of the final injury".

Whether the negligence of the two appellants here was independent or concurrent was largely a question for the jury whose finding is conclusive on appeal if there be evidence to support it. (*Jordan* v. *Great Western Motorways*, 213 Cal. 606 [2 Pac. (2d) 786].)

The case of *Sawdey* v. *Producers Milk Co.*, 107 Cal. App. 467 [290 Pac. 684], because of the similarity of facts, is particularly helpful in determining whether in the case at bar the implied finding, that the negligence of appellant Peres was concurrent with that of appellant Brooder, is sustained by the evidence. In the case cited, the car in which the deceased was riding collided with a truck and trailer which had been left stalled on the highway at night without a tail-light. A few minutes later, while deceased lay in her car shocked and stunned, another truck approaching from the rear at a high rate of speed, crashed into her car. The injuries received as a result of the second collision were the immediate cause of death. The driver of the truck involved in the first collision contended, as does the appellant Peres here, that the effect of his negligence had exhausted itself before the second impact and that the second collision was a thing not to be anticipated and introduced a completely new element into the case. The drivers of both trucks were held liable, the court saying: "As we view the facts the decedent, solely through the negligence of Rasmussen Company (employer of the driver of the first truck) and without fault on her part, was placed in a position of great danger, from which she was not able to rescue herself. That the dangers of her position were obviously dangers that might be expected to happen to any person in a similar position, namely, dangers of traffic in a place devoted exclusively to traffic." That in the cited case the interval between the two collisions was only approximately three minutes, instead of approximately fifteen minutes, does not materially distinguish the two cases.

The appellant Peres relies upon the case of *Christensen* v. *Los Angeles Elec. Sup. Co.*, 112 Cal. App. 629 [297 Pac. 614], where it was held that there was no legal connection between the negligence of the driver of a truck which knocked the deceased to the street and the negligence of

the driver of another car which almost immediately thereafter ran over her unconscious body despite the efforts of the former and his companion to warn the second driver. We are of the opinion, however, that in *Sawdey* v. *Producers Milk Co., supra,* the true rule is more correctly stated and applied. A material point of distinction between the Christensen case and the present one is that in the former the defendant did all in his power to protect the victim of his negligence from subsequent and further injury while here the appellant Peres did not. He testified that after the accident he knew nothing until he regained consciousness on a street-car en route to his wife's home in Oakland. Aside from its inherent improbability, his testimony in this regard was directly contradicted by that of a witness that, at the scene of the accident and shortly after it happened, the appellant spoke to him. The jury here was justified in determining that the appellant Peres failed to render deceased such assistance and protection from further injury as lay within his ability to do as the law required of him.

Both appellants complain of the ruling of the trial court permitting a trial by jury after the same had been waived by the failure to deposit the fees therefor within the time required by the statute. Upon the calling of the case for trial on the day regularly set therefor, counsel for both appellants called the trial court's attention to the fact, which is admitted, that the jury fees had not been deposited by the plaintiff until only nine days prior thereto. Over objection the court granted the oral motion of counsel for respondent, under the provisions of section 473 of the Code of Civil Procedure, for relief from his default and waiver.

It must be conceded that the deposit of jury fees having been made only nine days prior to the trial date, there was a waiver by the respondent of his right to a trial by jury under the provisions of section 631, subdivision 5, of the Code of Civil Procedure (*Harmon* v. *Hopkins,* 116 Cal. App. 184 [2 Pac. (2d) 540] ; *Dunham* v. *Reichlin,* 217 Cal. 289 [18 Pac. (2d) 664] ; *Deberry* v. *Cavalier,* 113 Cal. App. 30 [297 Pac. 611] ; *Gray* v. *Craig,* 127 Cal. App. 374 [15 Pac. (2d) 762, 16 Pac. (2d) 798] ; *Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 72] ). However, the trial judge had, in the exercise of his discretionary powers, the right, notwithstanding such waiver, to relieve respondent therefrom

and permit the issues of fact to be tried before a jury. (*Stern* v. *Hillman, supra; Bullock* v. *Consumers' Lumber Co.,* 3 Cal. Unrep. 610 [31 Pac. 367]; *Doll* v. *Anderson,* 27 Cal. 248; *Harmon* v. *Hopkins, supra; Dickey* v. *Kuhn,* 125 Cal. App. 68 [13 Pac. (2d) 834]; *Davis* v. *Falconer,* 159 Wash. 230 [292 Pac. 424]; 2 Bancroft's Code Pleading and Remedies, 1580; 35 C. J. 219 and 222.)

■ Although the motion for relief was informally made, it was sufficiently before the court. No objection was made to the form of the motion, it being contested solely upon the ground that the trial court was without jurisdiction to grant it. The jury was present and available, and the delay of one day in the deposit of jury fees was obviously inadvertent, no delay or inconvenience to either of the litigants resulted therefrom, in the face of which it cannot be said that the permitting of the case to be tried before a jury was an abuse of discretion. Nor can it be said that any prejudice to appellants resulted therefrom. The fact relied upon by appellants that an action against them brought by a bystander injured in the same accident resulted in a judgment in their favor upon a trial by the court sitting without a jury has no bearing upon the question of prejudice here.

■ The appellant Peres complains of the following instruction given the jury: "Where an injury results from two separate and distinct acts of negligence by different persons operating and concurring simultaneously and concurrently, both are proximate causes and recovery may be had against either or both responsible persons." It is conceded that this is a proper statement of the law, but contended that it is not applicable to the facts of this case. What we have heretofore said with reference to the subject of concurrent negligence completely answers this contention. If, as counsel contends, the instruction may be subject to the interpretation of applying only to situations where the overt acts of negligence simultaneously happen, such interpretation would have been more favorable to appellant than harmful.

■ The appellant Brooder complains of the following instruction: "Where the vision of the driver of an automobile is obstructed or obscured by the bright lights of other automobiles on the road ahead of him, it is the duty

of the driver whose vision is so obscured to reduce the speed of his car and to exercise all ordinary and reasonable care and diligence to avoid injury to anyone who might rightfully be on the road in front of him.'' Under the circumstances of this case, where ordinary reasonable care on the part of the appellant required him as a matter of law to reduce his speed if his vision was obscured, it cannot be said that this instruction invaded the province of the jury.

The instructions of the court fully and fairly stated the principles of law applicable to the case and the liability of the respective appellants and we find no error in them.

The sustaining of an objection to a hypothetical question put to an expert witness, which question contained the assumption that Mrs. Hill did not breathe during the interval between the two collisions, is cited as error. Although it is true that counsel has the privilege of placing in a hypothetical question an assumption of any fact favorable to him which might be reasonably inferred from the testimony, this rule is subject to the limitation that the question shall not be misleading. (*Hutter* v. *Hommel,* 213 Cal. 677 [3 Pac. (2d) 554].) Although there was testimony that her breathing was not observed, there was no direct testimony that Mrs. Hill did not breathe during this interval. The same expert had previously testified that a person who had not breathed for a period of fifteen minutes would be dead. The only effect of incorporating in the question the assumption that Mrs. Hill did not breathe would be to mislead the jury and was therefore properly not permitted by the court.

Prejudicial error cannot be said to have resulted from the failure of the trial court to strike out the statements of two witnesses with reference to the speed of the Brooder car to the effect that it was traveling ''very fast'' and ''plenty fast''. Such expressions are, it is true, too uncertain and dependent upon the unknown factor of the witness' personal views regarding standards of speed to be proper. (*Diamond* v. *Weyerhaeuser,* 178 Cal. 540 [174 Pac. 38].) However, in view of the fact that both of the witnesses later defined in terms of miles per hour what they intended by their expressions and in view of the abundance

of other evidence as to the speed of the Brooder car, we cannot say that prejudice resulted from this testimony.

 Complaint is further made by the appellant Peres of the trial court's refusal to consolidate for trial the present action with another arising out of the same accident brought by the husband of the deceased on account of injuries received by him. Although counsel apparently concedes that this was a matter solely within the sound discretion of the trial court he makes no showing of either the abuse of that discretion or of prejudice resulting therefrom.

 The verdict of $15,000 cannot be said to be excessive. Mrs. Hill was at the time of her death forty years of age and left as heirs her husband aged fifty-six years, two sons aged twenty and eight years respectively, and a daughter, subsequently married, aged eighteen years. Up to the time of the accident they had all been living together at the family home, where deceased performed all the duties of a good and faithful wife and mother, including the housework. It cannot be said that the verdict suggests at first blush, or at all, passion or prejudice on the part of the jury.

Judgment is affirmed as to both appellants.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 1, 1934.