[Civ. No. 11585. Second Appellate District, Division One.—December 9, 1938.]

JUANITA HARMON, Respondent, v. M. H. SHERMAN COMPANY (a Corporation) et al., Defendants; HERMOSA BEACH LAND AND WATER COMPANY (a Corporation), Appellant.

Joe Crider, Jr., Elber H. Tilson and John J. Ford for Appellant.

Willis O. Tyler and Ivan J. Johnson, III, for Respondent.

YORK, P. J.—The respondent Juanita Harmon, a pianist, was employed as an entertainer by defendant Alex McDonald at his cafe known as the "Dog House" located in the city of Hermosa Beach, California, and on the evening of August 4, 1934, while using a toilet in the washroom of said cafe, she attempted to flush the bowl thereof and was severely burned by an ascending stream of scalding water and steam which poured into the said toilet bowl and upon the person of said respondent. Thereafter, she brought the instant action for damages for the injuries so sustained by her through the alleged negligence of the defendants. Defendant McDonald failed to appear and answer and his default was duly entered by the clerk of the court. A nonsuit was granted as to the Sherman Land Company and the motion of defendant Hermosa Beach Land and Water Company to reopen the case for further evidence and argument was denied. Judgment was entered on May 18, 1937, against the defaulting defendant McDonald for the sum of $16,703.50, and against the defendant Hermosa Beach Land and Water Company, a corporation, for the same amount. The said corporation alone prosecutes this appeal from the judgment, as well as from the order by which its motion for a new trial was denied.

It is shown by the record herein that appellant corporation was the owner and lessor of the premises where the "Dog House" cafe was located, and that defendant McDonald was the lessee thereof, under a written lease dated June 6, 1934, said lessee paying as rental to the said lessor 7½ per cent of the gross receipts from the restaurant business which it was provided in the lease should be conducted upon the said premises.

The toilet in question abutted a partition separating the kitchen from the dining room and bar of the said cafe, and was located in a small room approximately 4x6 feet near the end of the bar, its entrance being sheltered by a screen. This toilet fixture had been installed by appellant as owner and was so installed before the lease of the premises was made to defendant McDonald, and was the only toilet provided or available for use upon the said leased premises.

In order to provide hot water necessary in the conduct of his business, defendant McDonald installed a gas heater in a small alcove in the kitchen. The toilet and the water

heater were located in different rooms but were served by water pipes entering the same wall from opposite sides, and at or near the same general location in the said wall which separated the kitchen from the dining room and the bar.

The respondent alleged and proved in her case in chief, and the court found as a fact, that there had been in effect since April 22, 1913, a plumbing ordinance No. 217 in the city of Hermosa Beach, and which was in effect at the time of the installation of the toilet fixture and also at the time of the injury, said ordinance providing, among other things, as follows:

"Section 11. . . . First: No water closet shall be put into or upon any property, house or building except those flushed by a tank containing no less than four (4) gallons of water. Plunger closets, Philadelphia hoppers, pan closets or any other closets, where the supply to the bowl is direct from the street service or building supply are prohibited in all cases and where such exist, shall be removed and replaced with water tank closets."

The amended complaint alleged that defendants installed and maintained said toilet in direct violation of the plumbing ordinance, *supra*. Upon this particular issue, the court found as follows:

"The court finds that the type of toilet installed and maintained in the defendant corporation's premises was in violation of the city ordinance then in effect hereinbefore referred to and was in violation of said ordinance when installed by the defendant corporation.

"The court further finds from the evidence that said toilet was of the type and kind prohibited from being maintained in any building in the city of Hermosa, both at the time of installation and at the time of the injury to the plaintiff.

"The court further finds that the water supply to the toilet bowl was direct from the building water supply and there was not a flushing tank between the toilet bowl and the main building water supply.

"The evidence shows and the court finds that instead of getting water from the flushing tank (of not less than four gallons of water as provided by the ordinance) into the toilet bowl when the plaintiff tripped the lever there flowed and rushed steam and super heated water and scalding water di-

rectly from the building water supply. This was supplied in great quantities, instantaneously and with pressure directly into the toilet bowl and upon the plaintiff.''

Because there was a conflict in the testimony of the experts, who testified as to plumbing and plumbing fixtures and particularly with reference to the operation of a flush tank toilet, the court made the following finding:

''In this connection the court must say that there is substantial evidence to the effect that with a flush tank toilet common in use and type complying with the plumbing ordinance in question, it is possible that the plaintiff might or probably could have been burned. On the other hand, it is beyond any question of doubt and a certainty that she was burned and seriously so with the flush valve type. The court is of the opinion from the evidence and must find that it is probable that she could have been burned and scalded with a tank type toilet under similar conditions; *this finding has some limitations shown by the evidence being that she could not have been burned as badly, or in the degree in which the evidence shows she was burned in this case. And further it is equally probable and possible that she may not have been burned at all.''* (Italics added.)

Respondent also contended that the defendants installed and maintained the gas water heater upon the premises in violation of the same plumbing ordinance, which provides:

''Section 14. Every gas heater used or intended to be used for the heating of water or otherwise, except small portable stoves, shall be provided with a vent pipe not less than three inches in diameter extending to the open air.''

As to this issue, the court found if any such violation occurred, it was occasioned alone and solely by the act of the defendant McDonald installing said heater without a permit or an inspection, and in not having it installed by a licensed plumber.

In accordance with said findings of fact the court concluded as a matter of law, ''that the toilet did not have a flush tank containing no less than four gallons of water and that the water supply came directly from the building supply to the bowl of the toilet, that applying the general rules of law of construction applicable to the plumbing ordinance involved herein, that the conduct of the defendant corporation

in installing the water toilet and in leasing the building with the flush valve type of water toilet, as it did, was in violation of the ordinance, and that it was such a violation that it makes the defendant corporation guilty of negligence *per se.*

"The court further concludes that the proximate cause of the injuries to the plaintiff is the conduct of the defendant corporation (violations of the ordinance) conjoining with the negligence of the defendant McDonald (the violation of the ordinance in installing the heater and in permitting the same to become over-heated)."

As to the conduct of the respondent Harmon, the court found that "she contributed in no manner or form to the injury she received.

"The court finds that as the direct result of said injury she was seventeen (17) weeks in a hospital, suffered excruciating pain and suffering, and underwent treatment many months. She also underwent skin grafting operations as the direct and proximate result of said injury. She was treated by physicians and nurses at the county hospital and also by her own private physician. Her own physician called upon her some fifty-six different times and administered treatment, both palliative and other kinds, to relieve pain and to prevent contraction of the scar tissue of the skin and to aid mobility of the joints. The testimony showed that the plaintiff was burned on the shoulder to the elbow and from the hips to the knee, and the knee completely encircled with burns; burns completely encircling other thigh to the knee; private parts, buttocks and hips burned. Biggest part of her burns were third degree burns. She was burned to such an extent that she had to walk in a squatted position and could not straighten up; that her injuries are permanent, accompanied more or less by continual pain and annoyance, particularly when the scar tissue dries for lack of natural oil in the skin. It appears that she was a piano player by profession, and her ability in this connection is disabled to at least forty per cent (40%) and sixty per cent (60%) in total disability, all of which was the direct and proximate result of said injuries received from said burns received as aforesaid." The various items of special damages were itemized which, added to the sum of $15,000 allowed as general

damages, totaled the sum of $16,703.50, for which judgment was entered in favor of said respondent.

It is here urged by appellant corporation that (1) The finding that appellant had violated ordinance number 217 of Hermosa Beach is not supported by the evidence; (2) There is no evidence either that appellant was negligent or that any negligence of appellant proximately contributed to respondent's injuries; (3) The judgment is not supported by the findings of fact in that there are no findings upon which the legal conclusion can be predicated that appellant was negligent and that any negligence of appellant proximately contributed to respondent's injuries; (4) The uncontradicted evidence conclusively shows that even if it be conceded that appellant was negligent, the intervening negligence of defendant McDonald was the proximate cause of the accident and of respondent's injuries; (5) The judgment and conclusions of law are not supported by the evidence.

Appellant urges that there can be no violation of the ordinance here in question because it is merely directory or advisory and that the violation of an ordinance does not constitute negligence unless the injury results from the hazard at which such ordinance is directed.

This ordinance was enacted "for the preservation of the public health and safety", and is sufficiently broad to include within its scope not only an intention to provide for the necessary sanitation to safeguard the public against disease, but as well to provide protection against such hazards as endanger their safety and well-being. It expressly prohibits the use of a toilet fixture "where the supply to the bowl is direct from the street service or building supply", and requires that the prohibited type of fixture shall be removed and replaced with "water tank closets". Moreover, it imposes a penalty for failure to conform to any of its terms. It was in full force and effect when the fixture here involved was installed, as well as when the injury was sustained. Appellant's argument that the ordinance is obsolete because it prohibits the use of a modern type of fixture which is generally in use, particularly in the Hotel Biltmore and the city hall of the city of Los Angeles, is wholly without merit. The municipality of Hermosa Beach has full power and au-

thority to decide the type of fixture which shall be used within its corporate limits.

■ It is the settled law in California that the failure to perform a duty imposed by law is sufficient evidence of negligence. In the instant case the evidence specifically shows that appellant, the owner of the building where the restaurant was located, in violation of the plumbing ordinance installed a toilet without any flush tank whatsoever, and that the supply of water to the bowl of the said toilet was directly from the building supply.

■ With regard to appellant's contention that the negligence of defendant McDonald was the sole proximate cause of the injury, and even conceding that appellant was negligent, that the negligence of the said McDonald was the efficient intervening and sole cause of respondent's injuries, the court found that it was the concurrent negligence of both appellant and McDonald which constituted the proximate cause of the said injuries. It is perfectly obvious that the injuries were not caused solely by McDonald's negligent installation and operation of the water heater. With the type of toilet fixture here involved, the injury could have been caused by any heater which allowed hot water and steam to back up in the main water supply system, whether such heater were located upon the premises or upon premises in the immediate vicinity of the building. Upon this appeal, we cannot speculate as to what might have or might not have happened had a tank been interposed between the main supply line and the toilet itself. It is clear from the evidence adduced at the trial herein that respondent was injured through the agency and instrumentality of the direct connection of the toilet valve with the main water supply line which direct connection was prohibited by law.

■ It is well established that the original wrongful act may be so continuous that the act of a third person precipitating the disaster will be regarded in law not as independent, but as conjoining with the original act to produce the accident (*Rauch* v. *Southern Cal. Gas Co.*, 96 Cal. App. 250, 256 [273 Pac. 1111]; citing *Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53]; *Merrill* v. *Los Angeles Gas & Elec. Corp.*, 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559]; *Marton* v. *Jones*, 44 Cal. App.

299 [186 Pac. 410]; *Sawyer* v. *Hooper,* 79 Cal. App. 395 [249 Pac. 530].) Applying this settled doctrine to the facts in the instant case, there can be no question but that the continuing negligence of appellant in installing and maintaining the toilet fixture directly connected with the general water supply system without the interposition of a flush tank, which was a violation of the ordinance, concurred with the negligence of defendant McDonald, who installed and so negligently regulated the heater that quantities of hot water and steam were allowed to back up into the main water supply line, and that these two concurring acts of negligence constituted the proximate cause of respondent's injuries. (See *Lacy* v. *Pacific Gas & Elec. Co.,* 220 Cal. 97 [29 Pac. (2d) 781].)

The finding of fact, the conclusions of law and the judgment are substantially supported by the evidence.

For the foregoing reasons, the judgment is affirmed. The appeal from the order denying appellant's motion for a new trial is dismissed.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 3, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1939.